STATE v. ROBERT ORRELL.

A witness has the right, upon his re-direct examination, to give evidence explanatory of his testimony brought out upon his cross-examination, although such evidence might not have been strictly proper in the first instance.

The Court below committed no error in refusing permission to the defendant to ask an immaterial question, and the answer to which could not have been used for any proper or useful purpose.

Where testimony (of what has been said to the defendant) has been permitted to go to the jury without any objection on his, the defendant's part, and it is not now seen, how an objection could have enured to his benefit—it being competent to give evidence as to what was said to defendant in relation to the charge against him,— still, if he so desired, he was entitled to have the benefit of any reply he may, at the time, have made as such charges, &c.

INDICTMENT, for *Larceny,* tried before CLOUD, J., at Spring Term, 1876, of DAVIE Superior Court.

On the trial below, the State introduced one Gus. Hairston, the prosecutor, who upon cross-examination was asked if he had not taken out a warrant before a Justice of the

Peace, and had not had two jury trials as to the ownership of the pig, which was alleged to have been stolen. He replied in the affirmative. He was then asked if he did not afterwards come to Court and employ counsel to assist the Solicitor in the prosecution. To this he replied that he had not, and stated that the defendant would not allow his witnesses to testify before the Magistrate, and that he had put the matter into Court to get justice. Under objection by the defendant, the witness stated on cross-examination that at the trial before the Magistrate the defendant had cursed him and his witnesses and brandished weapons around them. That after the indictment had been found, he had threatened himself and his witnesses, in case they came to Court, to testify against him. The defendant excepted.

There was evidence tending to show that shortly after the pig was missing, the defendant advised the prosecutor to sue out a search warrant against one Markland; and it being in evidence that one of the witnesses lived near Markland, the witness was asked by the defendant " who employed counsel to assist the Solicitor ?" The question was ruled out by the Court, and the defendant excepted.

There was a verdict and judgment against the defendant, and thereupon he appealed.

*Attorney General Hargrove*, for the State.
*Clement*, for the prisoner.

SETTLE, J. Without pausing to enquire whether the testimony of Hairston, the prosecutor, on his re-direct examination would have been competent in the first instance, it was clearly so in explanation of what had been called out by the defendant on the cross-examination.

The refusal of his Honor to permit the defendant to ask the question, " who employed counsel to assist the Solicitor,"

furnishes no just ground of exception. The question was altogether immaterial; as the answer to it, one way or the other, could not have been used for any proper or useful purpose.

The record states that the testimony of Jane Crump, "that her daughter Alice told the defendant, in reply to something that defendant was saying to her about being a witness, that the defendant's own daughter had told her, Alice, that defendant had stolen the pig, and had it fastened up in the crib," went to the jury without objection on the part of the defendant, and it is not now seen how an objection could have enured to the benefit of the defendant, as it was clearly competent to give in evidence what was said to the defendant.

Of course if he desired it, he was entitled to have the benefit of any reply he may have made to the charge.

The judgment of the Superior Court is affirmed. Let this be certified, &c.

PER CURIAM.                    Judgment affirmed.