HENRY B. SPEARS, by His Next Friend, v. TALLASSEE POWER COMPANY.

(Filed 3 June, 1921.)

1. Appeal and Error—Briefs—Objections and Exceptions.

Exceptions not considered in appellant's brief are taken as abandoned on appeal.

**2. Appeal and Error—Instructions—Contentions—Objections and Exceptions.**

When it appears from the record of the case on appeal that the appellant excepted to the statement by the trial judge of his contention only, after verdict, it comes too late and will not be considered.

APPEAL by defendant from *McElroy, J.,* at the August Term, 1920, of UNION.

This is an action to recover damages for personal injuries.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*J. Laurence Jones, M. P. Spears, and Stack, Parker & Craig for plaintiff.*

*R. L. Smith, E. A. Gouch, and Manning, Bickett & Ferguson for defendant.*

ALLEN, J. There are ten assignments of error, but all of them are abandoned because not considered in the brief of appellant (*Allen v. Reidsville,* 178 N. C., 513) except one, which is to a statement of a contention of the parties, and this exception is disposed of by the record, which says, "No objection was made or exception taken at the time the judge was charging the jury," and not until the case on appeal was settled.

An objection to a statement of a contention must be made at the time, and comes too late after verdict. *Price v. Edwards,* 178 N. C., 503; *Hall v. Giessell,* 179 N. C., 657.

No error.