MINNIE JORDAN AND HER HUSBAND, J. R. JORDAN, v. INTERURBAN MOTOR LINES, INC., ET AL.

(Filed 30 November, 1921.)

**1. Evidence—Expert—Opinion.**

Where there is evidence that the negligence of the defendant caused the physical injury to the plaintiff, the testimony of a physician, having qualified as an expert, is competent that following the injury the plaintiff complained of soreness in her side, which he, upon examination, found to have been caused by her ribs there being in a concaved condition.

**2. Evidence—Damages—Health—Contradiction.**

Where the plaintiff's action is to recover damages for injury to her health caused by defendant's negligence, and a witness in her behalf, on cross-examination, has testified to her having had a "fainting spell" before the injury, tending to show that she was then in bad health, it is competent, upon the redirect examination, for the witness to explain why she, on this occasion, had the "fainting spell," in contradiction of the defendant's contention.

**3. Damages—Evidence—Instructions—Profits—Punitive Damages.**

In an action to recover damages for an alleged personal injury negligently inflicted by the driver of defendant's motor bus operated for hire, evidence as to the defendant's profits is harmless, or not prejudicial to the defendant when the charge of the court is correct as to the measure of damages, excludes recovery for punitive damages, and it appears that no profit was derived from the enterprise.

**4. Negligence—Evidence—Automobiles—Licenses—Instructions— Appeal and Error—Harmless Error.**

Where the defendant's liability for a personal injury depends upon the negligence of one of its drivers of a jitney motor bus for hire, evidence that the driver was without license, if erroneous, is without prejudice to the defendant, where, under the instructions of the court, the jury was excluded from considering it in determining the issues, and the law was correctly charged as to the defendant's responsibility, under the evidence.

**5. Appeal and Error—Harmless Error—Instructions—Statutes—Substitution of Words—Negligence.**

A substitution of the words "deemed a violation of the statute" for the words "shall be a violation of this section" of the statute regulating automobiles upon the highways, with reference to the defendant's negligence in a personal injury case, is *held* not to be prejudicial to the defendant, or reversible error.

**6. Evidence—Negligence—Automobiles—Questions for Jury—Trials.**

*Held,* in this case, there was sufficient evidence to take the case to the jury that the driver of defendant's jitney motor-bus was negligent in not exercising ordinary care in driving between the automobiles on the highway and thus causing a personal injury to the plaintiff in the action.

**7. Appeal and Error—Objections and Exceptions—Contentions—Instructions.**

Error alleged in the statement by the trial judge of the contentions of the parties must be made in time to allow him to make the necessary correction, or the exception will not be considered on appeal.

**8. Negligence—Principal and Agent—Automobiles.**

The owners of a jitney motor-bus line for hire are responsible in damages for the actionable negligence of their drivers in causing injury while acting within the scope of their employment.

APPEAL by defendant from *Shaw, J.,* at the March Term, 1920, of RANDOLPH.

This is a civil action brought to recover damages for personal injuries of the *feme* plaintiff, alleged to have been caused by a collision of her automobile and that of the defendants, which was driven by Earle Murphy, commonly known as Clyde Murphy, the collision being due to the negligence of the said Murphy in driving the defendant's automobile on the road from High Point to Greensboro. As Murphy, who was driving what is known as a jitney-bus, was attempting to pass a Buick automobile, which was standing on the right-hand side of the road, he met the car in which the *feme* plaintiff was riding, and the two cars collided and threw the plaintiff into the wind-shield of her car, and thence upon the ground several feet away, causing her serious and painful injury. That the plaintiff's car gave the .driver of the jitney-bus sufficient space to pass the two other cars in safety, but by careless and even reckless management of Murphy's car by him, the accident occurred.

There was a verdict and judgment for the plaintiff, and defendant appealed.

*Walter Royal and Hammer & Moser for plaintiffs.*
*J. A. Spence for defendants.*

WALKER, J., after stating the case: 1. There was evidence tending to sustain the cause of action, as alleged in the complaint.

The first objection of the defendant is that the court permitted Dr. Jackson, an expert witness, to testify as to the condition of two of the *feme* plaintiff's ribs, which he said had been concaved by the blow she received in the accident. The *feme* plaintiff testified that she was sore on that side of her body, and, upon examination, the doctor discovered that the ribs were in a concaved condition. The defendant complains that the plaintiff had not first proven that this condition was caused by the accident, but there was ample evidence of this fact, and the testimony of the doctor was, therefore, competent to show what her physical condition was. There is no merit in this exception.

2. The defendant cross-examined the husband of the *feme* plaintiff, who was her witness, and he testified that his wife had fainted once before, and, in order to show what was the cause of her fainting, on redirect examination, the witness was permitted to state the circumstances under which she had the "fainting spell," and we do not see why this was not competent, as the evidence on cross-examination was offered to show that her health had previously been in a frail condition before she received the injuries, and the redirect testimony was in explanation of it. *S. v. Orrell,* 75 N. C., 317; 2d Elliott on Evidence, p. 195; *Smith v. R. R.,* 147 N. C., 607; *S. v. Allen,* 107 N. C., 805.

3. The testimony of Mr. Kirkman, one of the defendants and the owner of the bus, as to the dividends received from his business, was not sufficiently harmful to be noticed, if it was at all prejudicial. The judge absolutely stated what plaintiff must show in order to recover any damages, and then what special damages she could recover, and the jury were restricted in this way, and were not allowed to use the question addressed to Mr. Kirkman as to the profits of his business. There was evidence of recklessness of the driver, and perhaps of wantonness, but his Honor did not permit a recovery of punitive or exemplary damages, and, even if the court erred in permitting Mr. Kirkman to refer to the dividends of the business, it was surely harmless in view of the strict charge of the judge. But a conclusive answer to this objection is that Mr. Kirkman stated that he had received no dividends since he sold out, and that was in direct response to the question as it was formulated by defendants' counsel, so that there was really no evidence upon the question one way or another, and in this respect it was perfectly harmless.

4. The reference by the court to the fact that Earle (or Clyde) Murphy was driving the jitney without license from the city of High Point was manifestly innocuous, because the plaintiffs were not allowed, under his Honor's charge, to recover anything on that account, or for that reason, but another and more decisive answer to the objection is that the judge was merely stating the allegations of the complaint, or the contentions of the plaintiffs, and in his charge upon the law he gave no heed to this allegation, but based the right of plaintiffs to recover solely upon the negligence of the driver of the jitney-bus, and stated the law correctly in this respect, and the jury could not have acted upon any other ground without disregarding the instructions of the court, and this is not to be presumed.

We recently considered the statute in regard to the speed of automobiles on the public highways of the State and on the streets of cities and towns, in the case of *S. v. Mills,* 181 N. C., 530, and the court charged the jury in this case according to the principles therein stated.

36—182

5. The exception in regard to the substitution of the words "deemed a violation of the statute" for the words "shall be a violation of this section" is without any substantial merit. The jury could not possibly have been misled by the judge's discussion of the statute and his statement of what would be considered as negligence if the requirements of the statute were not observed. There certainly was nothing prejudicial in this part of the charge.

The other exceptions are formal, and need not be considered, except one of them.

If the plaintiffs' evidence in this case should be accepted as true, which was a question for the jury, there was negligence on the part of the driver of the jitney-bus, as the plaintiff gave him sufficient space within which he could safely pass, by the exercise of ordinary care, both the other automobiles, that is, the Buick automobile, which was standing on one side of the road, and the plaintiff's automobile, which had been placed out of his way on the other side, and even off the paved portion of the road.

The sixth assignment of error was taken to the part of the charge of the court in which the judge was stating the contentions of the parties, and, if he did not state them correctly, his attention should have been called to it at the proper time, so that he could make the necessary correction. *McMahan v. Spruce Co.,* 180 N. C., 636; *Spears v. Power Co.,* 181 N. C., 447.

The driver of the jitney-bus was the agent of the defendants, and they were liable, as principal, for what he did which caused the injury to the plaintiff, under the familiar maxim that what one does by another he does by himself, which is but one way of stating the rule that the principal is liable for the acts of his agent if committed within the scope of his authority, and when he is about his principal's business. *Jackson v. Tel. Co.,* 139 N. C., 353; *Flemming v. Knitting Mills,* 161 N. C., 439, and *Rivenbark v. Hines,* 180 N. C., 242.

Upon review of the whole case, we are satisfied that no error has been committed, and we therefore affirm the judgment.