### W. H. CASHATT v. ASHEVILLE SEED COMPANY.

(Filed 16 March, 1932.)

**Negligence D d—Instruction in this case held to be erroneous as submitting doctrine of comparative negligence.**

Where the cause of action does not fall within the provisions of the Federal Employers' Liability Act or C. S., 3467, but is an ·action by an individual not an employee, to recover damages for a negligent injury, the doctrine of comparative negligence is not applicable, and an instruc-

tion for the jury to answer the issue as to contributory negligence in the negative if they found from the evidence that defendant's negligence was the proximate cause of the injury when compared with the negligence of the plaintiff is reversible error.

CIVIL ACTION, before *Stack, J.,* at August Term, 1931, of BUNCOMBE.

The plaintiff instituted this action against the defendant in the Buncombe County Court, alleging and offering evidence tending to show that, as he was attempting to cross the street, an agent of the defendant negligently struck him with an automobile, inflicting painful and serious injuries. Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff. The defendant filed exceptions and the matter was heard in the Superior Court upon said exceptions. The trial judge overruled the exceptions and affirmed the judgment of the county court. Whereupon the defendant appealed.

*Hollowell & Hollowell for plaintiff.*
*Johnston & Horner for defendant.*

BROGDEN, J. The judge of the county court charged the jury as follows: "The court charges you that the negligence of the plaintiff, if there was such, would not bar his recovery unless it directly and proximately contributed to his injury; his contribution to his own injury would not prevent recovery by him if there was negligence on the part of the defendant which when compared with that of the plaintiff was the proximate cause of the injury sustained."

After the jury had deliberated for sometime they returned for further instruction. The record shows the following: Another juror said to the court that he understood the court to say that if they should consider that the defendant was more negligent than the plaintiff, then they could take that into consideration in answering the second issue, whereupon the court instructed the jury in substance as follows: "The court instructed you on that point that even though you might find that the plaintiff himself was negligent, that if when you considered the negligence of the defendant and compared his negligence with the contributory negligence of the plaintiff you should still find that the negligence of the defendant was the proximate cause of the injury, then you would answer the second issue No."

These instructions embody the principle of comparative negligence. The first instruction was substantially in the language used in *Vann v. R. R.,* 182 N. C., 567, 109 S. E., 566. However, the declaration of law in the *Vann* case was clarified in *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776. In the *Moore case, supra,* Stacy, J., wrote: "As we

understand this excerpt, to which the defendant has excepted, it embodies and carries with it a statement of the principle of comparing the negligence of the plaintiff with that of the defendant. This doctrine is applicable with us, and then only for the purpose of mitigating the damages or as a partial defense, in cases arising under the Federal Employers' Liability Act and our own statute, C. S., 3467. *Williams v. Mfg. Co.,* 175 N. C., 226."

Hence the instructions complained of were erroneous and the defendant is entitled to a new trial.

Reversed.