PAULINE TURNER v. LOYD EUGENE TURNER, ERNEST JAMES THOMPSON, AND BOARD OF SCHOOL COMMISSIONERS OF GASTONIA GRADED SCHOOLS DISTRICT.

(Filed 18 March 1964.)

**1. Automobiles §§ 41g, 43—**

In an action by a passenger in an automobile to recover for injuries received in a collision at an intersection, evidence that the driver of the car in which plaintiff was riding stopped before entering the intersection with the dominant highway but then drove into the intersection although he could have seen the other car approaching from his right, and that the driver of the other car failed to keep a proper lookout and drove at an unlawful speed into the intersection and collided with the first car, which was first in the intersection, *held* sufficient to be submitted to the jury on the question of the actionable negligence of each driver.

**2. Appeal and Error § 40—**

A new trial will not be awarded for mere technical error but only for error which is prejudicial.

**3. Negligence § 8—**

Where the active negligence of each of two responsible agents combines and constitutes a proximate cause in producing the injury, each is civilly liable notwithstanding one may have been more or less negligent than the other.

APPEAL by defendants from *Froneberger, J.,* October, 1963 Civil Session, GASTON Superior Court.

The plaintiff instituted this civil action to recover damages for personal injuries she sustained in a Gastonia street crossing collision be-

tween a Plymouth automobile owned and driven west on West Third Avenue by her husband, the defendant, Loyd Eugene Turner, and a Ford truck owned by the defendant Board of School Commissioners and driven south on South Chester Street by the defendant Thompson.

On the day of the accident the weather was clear. Both streets were paved. West Third Avenue was 20 feet wide; South Chester Street, 30 to 35 feet wide. Stop signs were in place on West Third Avenue, making South Chester the dominant street. According to plaintiff's evidence, the defendant Turner approached the intersection, driving west on West Third Avenue, stopped at the stop sign. "He stayed stopped long enough to look both ways. He looked to the right first and then to the left. Then he pulled out at a speed of about 10 miles per hour. Yes, sir, I saw a Ford truck coming from my right. Yes, sir, I did after we'd started into the intersection. Well, the front wheels of our car was half way in the intersection when I saw the Ford truck. The Ford truck was going south. I'd say the Ford truck was 120 feet away when I first saw it. It was to my right. Yes, I have an opinion satisfactory to myself as to what speed the Ford truck was making when I saw it. My opinion is 50 miles an hour."

The defendant Thompson testified: "As I was going down Chester, I did not pay strict attention to whether there was any car to my left in the left lane or not. There wasn't any as I noticed. As I was going down Chester I was going between 20 or 25, no more. I didn't see the car (Turner's) crossing Chester until he was right at me. . . . When I seen (*sic*) him I was about 10 feet from him." Chester was a one-way street for travel south.

According to the testimony of the police officer who investigated the accident, the Plymouth automobile was demolished. The front fender and the grill of the truck were damaged. The debris indicated the collision occurred in the northwest quadrant of the intersection. The truck left 10 or 12 feet of skid marks but stopped almost at the point of impact. The defendant Turner had the odor of beer on his breath and an unopened can of beer was found in his car.

On the oral argument the parties agreed the Board of School Commissioners waived its governmental immunity by procuring indemnity insurance sufficient to cover its liability in this accident.

The plaintiff offered medical evidence of her serious and permanent injuries. The court submitted, and the jury answered, issues as here indicated:

"1. Was the plaintiff injured by the negligence of the defendant Loyd Eugene Turner, as alleged in the Complaint?

Answer: Yes.

"2. Was the plaintiff injured by the negligence of the defendants Ernest James Thompson and Board of School Commissioners of Gastonia Graded School District, as alleged in the Complaint?

Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover?

Answer: $37,500.00."

From the judgment on the verdict, the defendants appealed.

*W. N. Puett, Childers & Fowler by Max L. Childers, Henry L. Fowler, Jr., for plaintiff appellee.*
*Hollowell & Stott, by Grady B. Stott for defendant appellants.*

HIGGINS, J. The plaintiff alleged that her injuries were proximately caused by the joint and concurrent acts of negligence on the part of the defendants. She alleged (1) the defendant Turner was negligent in that he entered the arterial highway from a stop street without ascertaining the movement could be made in safety, and (2) the defendants Thompson and the Board of School Commissioners were negligent in that Thompson drove the truck into the Turner Plymouth, which was first in the intersection, without keeping a proper lookout and at an unlawful rate of speed.

The plaintiff offered medical evidence of her serious and permanent injuries. She called both defendants Turner and Thompson as adverse witnesses. The evidence of each tended to magnify the negligent acts of the other and to minimize his own. Neither defendant, however, offered other testimony. The collision occurred at noon on a clear day. The evidence permitted the inference that concurrent acts of negligence on the part of both drivers caused the plaintiff's injuries. *Riddle v. Artis*, 243 N.C. 668, 91 S.E. 2d 894; *Tillman v. Bellamy*, 242 N.C. 201, 87 S.E. 2d 253.

Attorneys for both parties were meticulous in the examination, and especially so in the cross-examination, of witnesses. Exceptions to the admission and exclusion of testimony were numerous. However, the variation from the script approved by this Court in such cases is too slight and too microscopic to have misled the jury or to have influenced the verdict. "New trials are not awarded because of technical errors. The error must be prejudicial." *Davis v. Ludlum*, 255 N.C. 663, 122 S.E. 2d 500. After all, two vehicles slammed into each other in the intersection in broad daylight, injuring the passenger in one of them. One driver may have been more or less negligent than the other, but

the law does not measure negligence on a percentage basis in cases of this nature. *Cashatt v. Seed Co.*, 202 N.C. 383, 162 S.E. 893. Each defendant is civilly responsible if some negligent act of his, combined with the negligent act of the other, produces the harmful result. *Darroch v. Johnson*, 250 N.C. 307, 108 S.E. 2d 589.

This appeal does not present any new or novel legal problem. The many assignments of error have been examined. A seriatim discussion would add nothing of value to the traffic law of this State. While the judgment is for a substantial sum, the plaintiff's injuries were serious. In the trial, we find

No error.