LINDA S. SUTTON v. MAJOR PRODUCTS COMPANY, TAYLOR AND SLEDD, INC., AND N & W FOOD SERVICE, INC.

No. 888SC261

(Filed 18 October 1988)

1. **Sales § 22 — potato whitener — injury to user — failure to show defect in product**

In plaintiff's action to recover for personal injuries resulting from the alleged negligence of defendant manufacturer of "potato whitener," plaintiff failed to show a defect in the product at the time it left defendant's plant where defendant offered evidence by affidavit that approximately one-third of the contents of the jar had been used in small amounts on several occasions without any injuries or occurrences similar to those alleged, and plaintiff failed to come forward with any evidence to rebut defendant's affidavit.

2. **Uniform Commercial Code § 12 — manufacturer of potato whitener — breach of implied warranty of merchantability claim — injured employee barred by statute from bringing action**

Plaintiff's breach of implied warranty of merchantability claim against defendant manufacturer of potato whitener was barred by N.C.G.S. § 99B-2(b), since plaintiff's employer purchased the potato whitener for use in its store, plaintiff used the product in her work, plaintiff was covered by the Workers' Compensation Act, and plaintiff was therefore disqualified by the statute from being a claimant on an implied warranty theory against a manufacturer.

3. **Uniform Commercial Code § 12 — distributors of potato whitener — no known dangers — claim for breach of implied warranty of merchantability properly dismissed**

Plaintiff's claims against defendant distributors of a potato whitener for breach of implied warranty of merchantability were properly dismissed since

defendants were merely conduits of the product and therefore liable for injuries caused by known dangers; the ingredient in the product which plaintiff alleged caused her injuries, sodium bisulfate, is listed by the USFDA as a product generally recognized as safe; and plaintiff alleged that defendants had actual or constructive knowledge of the dangerous propensity of the product they distributed, but none of her allegations were substantiated.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgments entered 9 November 1987, 12 November 1987, and 24 November 1987 in Superior Court, LENOIR County. Heard in the Court of Appeals 1 September 1988.

Plaintiff was employed at a grocery store and was working there when she alleges she was injured by inhaling noxious fumes from "potato whitener" containing sodium bisulfate. Plaintiff allegedly suffered severe throat pain, loss of voice, and decreased lung capacity as a result of the exposure. Plaintiff filed suit against the manufacturer of the potato whitener, Major Products Co., and distributors, Taylor and Sledd, Inc. and N & W Food Service, Inc. alleging negligence and breach of implied warranty of merchantability. The trial court granted summary judgment in favor of all defendants. Plaintiff appeals.

*Barnes, Braswell, Haithcock & Warren, by R. Gene Braswell and S. Reed Warren, for plaintiff-appellant.*

*Wallace, Morris, Barwick & Rochelle, by F. E. Wallace, Jr., for defendant-appellee N & W Food Service, Inc.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and Howard M. Widis, for defendant-appellee Taylor and Sledd, Inc.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Grady S. Patterson, Jr., for defendant-appellee Major Products Company.*

EAGLES, Judge.

On a motion for summary judgment the question before the court is whether the pleadings, discovery documents and affidavits, viewed in the light most favorable to the non-movant, support a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). *Frendlich v. Vaughan's Foods*, 64

N.C. App. 332, 307 S.E. 2d 412 (1983). "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford,* 305 N.C. 366, 369, 289 S.E. 2d 363, 366 (1982). If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to come forward with specific facts showing there is a genuine issue for trial. G.S. 1A-1, Rule 56(e).

I

Plaintiff alleges that the manufacturer, Major Products Company, was negligent in (1) introducing into the stream of commerce a product not suitable for the ordinary uses for which it was intended, (2) supplying a product which is unreasonably dangerous due to its defective and negligent makeup, (3) failing to warn of a potentially dangerous chemical and the problems it can cause, (4) failing to place warnings on the label of the potentially dangerous nature of the product, and (5) failing to discover possible defects or dangerous propensities of the product.

[1] In an action to recover for personal injuries resulting from manufacturer's negligence, plaintiff must present evidence which tends to show that the product manufactured was defective at the time it left the defendant-manufacturer's plant, and that the defendant-manufacturer was negligent in its design of the product, in its selection of materials, in its assembly process, or in inspection of the product. *Cockerham v. Ward,* 44 N.C. App. 615, 619, 262 S.E. 2d 651, *cert. denied,* 300 N.C. 195, 269 S.E. 2d 622 (1980). Here, defendant offered evidence by affidavit that approximately one-third of the potato whitener jar's contents had been used in small amounts on several occasions without any injuries or occurrences similar to those alleged by plaintiff. From defendant's evidence the only logical inference is that the product was not defective when first opened. Plaintiff had the burden then of coming forward with evidence to rebut defendant's affidavit tending to show that this jar of potato whitener had been opened and reopened and used several times before the incident without any injury. Because plaintiff failed to forecast evidence of a defect in the product in existence at the time the product left Major Prod-

ucts' plant, summary judgment in favor of Major Products was properly allowed in the negligence claim.

[2] Plaintiff also alleges that Major Products breached its implied warranty of merchantability by producing, manufacturing and distributing a product unsuitable for the ordinary purposes for which it is used. Plaintiff's breach of implied warranty of merchantability claim against Major Products is barred by G.S. 99B-2(b). G.S. 99B-2(b) lists as a claimant a buyer, a member or guest of a member of the family of the buyer, a guest of the buyer, or an employee of the buyer not covered by workers' compensation insurance. The statute therefore limits the class of individuals who may bring a product liability action against a manufacturer for breach of implied warranty of merchantability. It is undisputed that plaintiff's employer purchased the potato whitener for use in the store, that plaintiff used the product in her work, and that plaintiff is covered by the Workers' Compensation Act. Since plaintiff is disqualified by statute from being a claimant on an implied warranty theory against the manufacturer, Major Products' motion for summary judgment on the implied warranty claim was properly granted.

## II

[3] In plaintiff's claims against the distributors Taylor and Sledd, Inc. and N & W Food Service, Inc., she alleges that defendant distributors were negligent and breached their implied warranty of merchantability. Plaintiff's negligence claim is based on defendants' introducing into the stream of commerce a product not suitable for the ordinary uses for which it was intended, unreasonably dangerous due to its makeup, and in failing to warn of the "dangerous nature" of the product's "particular threatening characteristic." Liability of a distributor or seller of goods depends on whether the seller knew or by the exercise of reasonable care, could have discovered the dangerous character or condition of the goods. Restatement (Second) of Torts section 402 (1977).

Here the uncontroverted evidence is that sodium bisulfate, the active ingredient in this potato whitener, is listed by the United States Food and Drug Administration as a product generally recognized as safe. It is commonly used as a food preparation and preservation agent. In addition, there was evidence that

analysis of the jar of potato whitener involved here revealed that essentially no decomposition or change of the jar's contents had occurred. Because the product is not patently dangerous or defective, any defect would be characterized as a latent defect.

Where a product has a latent defect, the general rule of liability is that a distributor such as Taylor and Sledd, acting as a mere conduit of the product, is only liable for injuries caused by known dangers. 2A Frumer and Friedman, Products Liability, section 6.20 (1988). *See also Davis v. Siloo, Inc.*, 47 N.C. App. 237, 247, 267 S.E. 2d 354, *cert. denied*, 301 N.C. 234, 283 S.E. 2d 131 (1980). By affidavit of its vice president Taylor and Sledd stated that they obtained the potato whitener in closed and sealed cartons, each carton containing six large jars of the product. These cartons were warehoused until an order was received and the unopened cartons were then shipped intact to purchasers. Taylor and Sledd was therefore a mere conduit of the product. Plaintiff alleged that Taylor and Sledd had actual or constructive knowledge of the dangerous propensity of the potato whitener it distributed. None of her allegations were substantiated. Consequently, the entry of summary judgment in plaintiff's negligence claim in favor of the defendant Taylor and Sledd was proper.

Defendant N & W Food Service acquired the potato whitener by the case from Taylor and Sledd and sold individual jars to businesses such as plaintiff's employer. N & W Food Service produced evidence that at no time were the jar lids taken off or tampered with; plaintiff did not rebut that evidence with anything more than blanket assertions that jars with screw-top lids do not constitute sealed containers. It is well established that a seller of a product made by a reputable manufacturer, where he acts as a mere conduit and has no knowledge or reason to know of a product's dangerous propensities, "is under no affirmative duty to inspect or test for a latent defect, and therefore, liability cannot be based on a failure to inspect or test in order to discover such defect and warn against it." 2A Frumer and Friedman, Products Liability section 6.03[1][a] (1988). This rule is particularly sound where, as here, the product is sold by the supplier in its original, sealed container. *See Ziglar v. E. I. Du Pont De Nemours and Co.*, 53 N.C. App. 147, 280 S.E. 2d 510, *cert denied*, 304 N.C. 393, 285 S.E. 2d 838 (1981) (gallon jugs holding pesticide are sealed containers). Plaintiff's only evidence concerning N & W's reason to

Sutton v. Major Products Co.

know of danger consists of N & W's salesman's affidavit that he told N & W's Vice President "about the problem." From the affidavit it is clear that the "problem" they discussed, however, was not of danger but of an odor, which is not unusual in sulfur-based products. Because plaintiff did not raise a material issue of fact as to whether N & W had knowledge or reason to know of the potato whitener's alleged dangerous propensity, nor as to whether N & W opened the sealed jars, summary judgment on the negligence claim was properly granted to N & W Food Service.

Plaintiff also alleges the defendant distributors breached their implied warranty of merchantability by selling goods which were not "fit for the ordinary purposes for which such goods are used." G.S. 25-2-314(2)(c). In product liability actions arising from breaches of implied warranties, the defenses provided by G.S. 99B-2(a) are also available to seller defendants. *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E. 2d 495, 499 (1987). In this case Taylor and Sledd acquired and sold the product in sealed cartons and there is no evidence that Taylor and Sledd damaged, mishandled or otherwise altered the product. Likewise, defendant N & W Food Service obtained the potato whitener in sealed jars and there is no evidence of damage or alteration of the product caused by N & W. Therefore, G.S. 99B-2(a) is a complete bar to recovery on plaintiff's implied warranty claims against Taylor and Sledd and N & W Food Service.

Plaintiff also contends on appeal that G.S. 99B-2 is unconstitutional because it excludes workers covered by the Workers' Compensation Act from the class of plaintiff's which may bring a breach of implied warranty action against the manufacturer, denying them equal protection of the law. Plaintiff argues that the distinction is not rationally related to the accomplishment of a valid legislative purpose. From the record before us, it appears that this constitutional argument was not presented to or considered by the trial court. This Court will not pass upon a constitutional question not raised and considered in the court from which the appeal was taken. *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976).

For the reasons discussed we hold that the trial court's entry of summary judgment for all defendants on all claims should be affirmed.

Affirmed.

Judges ORR and SMITH concur.