LINDA MESSICK BURGESS v. JAMES ALLEN VESTAL AND FOOD LION, INC.

No. 8918SC1214

(Filed 17 July 1990)

1. **Appeal and Error § 140 (NCI4th)— new trial on issue of damages—order immediately appealable**

    The trial court's grant of a new trial on the issue of damages only was immediately appealable where damages was the only contested issue at trial, and the trial judge's order therefore granted a complete, or total, new trial, not a partial new trial.

    **Am Jur 2d, Appeal and Error § 123.**

2. **Rules of Civil Procedure § 59 (NCI3d)— new trial granted in discretion of trial court**

    There was no merit to plaintiff's contention that, despite the trial court's specific words granting defendants' motion for new trial "in its discretion," the court's decision was based on matters of law, since the trial court's order clearly specified three of the discretionary grounds for setting aside the verdict formalized in N.C.G.S. § 1A-1, Rule 59, none of which were matters of law.

    **Am Jur 2d, New Trial §§ 84, 394.**

3. **Rules of Civil Procedure § 59 (NCI3d)— damages verdict set aside—no abuse of discretion**

    Plaintiff failed to show an abuse of discretion by the trial court in setting aside the jury's verdict as to damages where none of the court's reasons for setting aside the verdict showed unfairness or partiality, and none worked an injustice on plaintiff.

    **Am Jur 2d, New Trial §§ 84, 394.**

APPEAL by plaintiff from order filed 16 June 1989 by *Judge Joseph R. John* in GUILFORD County Superior Court. Heard in the Court of Appeals 9 May 1990.

*Arthur J. Donaldson for plaintiff-appellant.*

*Henson Henson Bayliss & Sue, by Perry C. Henson, Jr. and Lawrence J. D'Amelio, III, for defendant-appellees.*

BURGESS v. VESTAL

[99 N.C. App. 545 (1990)]

GREENE, Judge.

Plaintiff appeals the trial judge's order setting aside the damage portion of a jury verdict.

Plaintiff was driving her automobile when it collided with a tractor-trailer truck driven by defendant Vestal and owned by corporate defendant Food Lion. Plaintiff instituted suit, alleging negligent operation of the truck, and requesting damages in excess of $10,000.00. Defendants admitted negligent operation of the truck, in violation of N.C.G.S. § 20-141(m), for failure to reduce the truck's speed to the extent necessary to avoid a collision. The parties consented to jury trial on the issue of damages only. Plaintiff herself testified, and presented witnesses who testified to plaintiff's injuries.

After evidence was adduced, the following issue was submitted and answered by the jury:

What amount, if any, is the plaintiff Linda Messick Burgess entitled to recover from the defendants Food Lion, Inc., and James Allen Vestal as damages for personal injuries proximately caused by the motor vehicle collision occuring [sic] on April 1, 1985?

ANSWER: $300,000.00

Defendants moved the court to set aside the jury verdict, for new trial on the issue of damages pursuant to N.C.G.S. § 1A-1, Rule 59(a)(5), (6) and (7), and submitted an offer of judgment of $100,000.00, as provided by N.C.G.S. § 1A-1, Rule 68(a). Plaintiff objected to the offer of judgment and defendants withdrew it. After hearing arguments concerning the motions, the trial court entered its order, containing the following:

AND IT APPEARING TO THE COURT IN ITS DISCRETION as follows:

(i) That the damages awarded by the jury in the verdict in the amount of $300,000.00 were excessive and appeared to have been awarded under influence of passion or prejudice, and that the motion of the defendants filed pursuant to Rule 59(a)(6) of the North Carolina Rules of Civil Procedure for a new trial on that ground should be allowed, in the *discretion* of the Court;

**BURGESS v. VESTAL**

[99 N.C. App. 545 (1990)]

(ii) That the evidence offered at the trial was insufficient to justify the verdict of the jury awarding damages in the amount of $300,000.00 and that the verdict of the jury in that amount is contrary to law, and that the motion of the defendants filed pursuant to Rule 59(a)(7) of the North Carolina Rules of Civil Procedure for a new trial on that ground should be allowed, in the *discretion* of the Court; and

(iii) That the amount of the verdict showed that there was a manifest disregard by the jury of the instructions of the Court in regard to the issue of damages and that the motion of the defendants filed pursuant to Rule 59(a)(5) of the North Carolina Rules of Civil Procedure for a new trial on that ground should be allowed, in the *discretion* of the Court;

AND IT FURTHER APPEARING TO THE COURT that each of the foregoing reasons, standing alone as well as collectively, each provide sufficient basis for granting the motion of the defendants to set aside the verdict of the jury and to grant a new trial; AND IT FURTHER APPEARING TO THE COURT that the motion of the defendants for new trial on all other grounds should be denied, in the *discretion* of the Court.

NOW, THEREFORE, IN THE DISCRETION OF THE COURT, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the motion of the defendants for a new trial filed pursuant to Rule 59(a)(5), Rule 59(a)(6), and Rule 59(a)(7) of the North Carolina Rules of Civil Procedure shall be and the same is hereby granted.

2. That the motion of the defendants for a new trial on all other grounds is denied.

3. That the verdict of the jury on the single issue of damages in this case and as answered by the jury is hereby set aside and a new trial is granted to the defendants on the issue of damages.

Emphases added.

---

The issues are: (I) whether grant of new trial on the issue of damages is immediately appealable and (II) whether the trial court's order (A) was discretionary and (B) an abuse of discretion.

I

**[1]** Although neither party raises the issue, we first determine whether grant of a new trial on damages only is immediately appealable.

> An appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

N.C.G.S. § 1-277(a) (Cum. Supp. 1989).

"[A]n order granting a new trial solely as to the issue of damages . . . is interlocutory and there is no immediate right of appeal . . . [because] an order granting only a *partial* new trial is not subject to immediate appellate review." *Johnson v. Garwood*, 49 N.C. App. 462, 463, 271 S.E.2d 544, 544-45 (1980) (citations omitted) (emphasis added).

We determine that because damages was the only contested issue at trial, the judge's order granted complete, or total, new trial and not 'partial new trial,' which was the determinative factor in this Court's denial of immediate review in the *Johnson* decision. Therefore, plaintiff may obtain immediate appellate review of the trial court's order, pursuant to N.C.G.S. § 1-277(a).

II

Plaintiff argues that (A) the court's discretionary grant of new trial was actually based on matters of law and that (B) the court either 'erred as a matter of law or alternately abused its discretion in granting new trial on damages. We disagree.

A

**[2]** Plaintiff argues that despite the court's specific words granting defendants' motion "in its discretion," we must construe the court's decision to be based on matters of law. We disagree.

"[T]he trial judge's traditionally discretionary authority to set aside a verdict . . . was merely formalized in [N.C.] G.S. [§] 1A-1, Rule 59, which lists eight specific grounds and one 'catch-all' ground on which the judgment may grant a new trial." *Britt v. Allen*,

**BURGESS v. VESTAL**

[99 N.C. App. 545 (1990)]

291 N.C. 630, 635, 231 S.E.2d 607, 611-12, *appeal after remand on other grounds*, 37 N.C. App. 732, 247 S.E.2d 17 (1978).

> The trial judge is "vested with the discretionary authority to set aside a verdict and order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony." Since such a motion requires his appraisal of the testimony, it necessarily invokes the exercise of his discretion. *It raises no question of law*, and his ruling thereon is irreviewable in the absence of manifest abuse of discretion.

*Id.*, at 634-35, 231 S.E.2d at 611 (emphasis added) (citations omitted).

"Although a motion for a new trial is normally addressed to the sound discretion of the trial judge, whe[n] the trial judge acts based on an error in law, his decision is reviewable." *Chandler v. U-Line Corp.*, 91 N.C. App. 315, 321, 371 S.E.2d 717, 721, *temp. stay allowed*, 323 N.C. 475, 373 S.E.2d 877, *review denied, stay dissolved*, 323 N.C. 623, 374 S.E.2d 583 (1988) (citations omitted) ("[w]hether evidence of the jury foreman's error in writing down the verdict was excluded by Rule 606(b) is a question of law"); *Cummings v. Snyder*, 91 N.C. App. 565, 568, 372 S.E.2d 724, 725 (1988) (whether a will was properly interpreted is a matter of law).

If the trial judge sets aside a verdict, specifying that he is exercising his "inherent" discretion because the verdict was 'contrary to the evidence' and also because of unspecified errors of law, the "unspecified errors of law [detract] not one whit from the effect of his discretionary order setting aside the verdict. . . . [The unspecified errors are] mere surplusage and did not make [the] order appealable." *Britt*, at 635, 231 S.E.2d at 612 (citations omitted). "A contention based on a question of law is not presented by an exception to the court's discretionary order setting aside a verdict." *Id.*, at 636, 231 S.E.2d at 612 (citation omitted).

We determine that plaintiff neither shows, nor do we perceive, that the trial court set aside the damages verdict based on matters of law. The trial court's order clearly specifies three of the discretionary grounds for setting aside the verdict formalized in Rule 59, none of which are matters of law. Therefore, we review the order only to determine whether it complies with the appropriate standard of review set out below.

B

**[3]** Plaintiff argues that the trial court abused its discretion to such an extent that it amounted to a substantial miscarriage of justice. We disagree.

" '[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Id.*, citing *Worthington v. Bynum*, 305 N.C. 478, 487, 290 S.E.2d 599, 605 (1982). "[T]he party alleging the existence of an abuse bear[s] that heavy burden of proof." *Worthington*, at 484-85, 290 S.E.2d at 604. In making our evaluation, we review the record from a subjective perspective to determine whether the judge "clearly abused *his* discretion . . ." *Id.*, at 486, 290 S.E.2d at 604 (emphasis in original). During review, we accord "great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity for new trial." *Id.*, at 487, 290 S.E.2d at 605.

We note that plaintiff failed to cite any instance of discretionary abuse and thus failed to carry her heavy burden of proof of showing abuse. We also determine from the record that the judge's ruling did not amount to a 'substantial miscarriage of justice.' None of the court's reasons for setting aside the verdict show unfairness, partiality, nor worked an injustice on plaintiff.

Plaintiff also argues that our courts' failure to adduce an "appreciable standard upon which to judge the discretionary actions of the trial court in setting aside a verdict" deprives her of North Carolina constitutional rights. However, because plaintiff failed to raise this issue at trial, we do not address this argument. *See Sutton v. Major Prod. Co.*, 91 N.C. App. 610, 615, 372 S.E.2d 897, 900 (1988).

Affirmed; remanded for new trial on damages.

Judges ORR and LEWIS concur.