STEPHFAN ALLEN v. RUTH BEDDINGFIELD

No. 943SC202

(Filed 21 February 1995)

**Trial § 564 (NCI4th)— automobile accident—damages—additur—motion for new trial**

There was no prejudice in an action arising from an automobile accident where the trial judge granted an additur and then denied plaintiff's motion for a new trial. In deciding a party's motion for a new trial under N.C.G.S. § 1A-1, Rule 59, the court is limited to a determination of whether the jury's award of damages is inadequate or the verdict is otherwise in error and it is not clear here that the court considered the merits of the plaintiff's motion on the basis of the jury award. However, plaintiff did not show that a different result would have likely occurred had the trial court properly based its ruling on the jury award.

**Am Jur 2d, New Trial §§ 393 et seq.**

Judge WALKER concurring in the result.

Appeal by plaintiff from order entered 17 September 1994 in Pitt County Superior Court by Judge Mark D. Martin. Heard in the Court of Appeals 10 January 1995.

*Perry, Brown & Levin, by Cedric R. Perry and Charles E. Craft, for plaintiff-appellant.*

*Baker, Jenkins, Jones & Daly, P.A., by Roger A. Askew and R. B. Daly, Jr., for defendant-appellee.*

GREENE, Judge.

Stephfan Allen (plaintiff) appeals from an order denying his motion for a new trial.

The plaintiff sued Ruth Beddingfield (defendant) alleging damages, in light of defendant's stipulation of negligence, for an injury to

plaintiff's right knee and pain and suffering as a result of a 1991 accident involving plaintiff's and defendant's cars. The plaintiff sought medical expenses in excess of $6,900 and lost wages in excess of $1,200.

The testimony of the four doctors who testified at trial reveals some injury by the plaintiff as a result of the accident with the defendant. The evidence also reveals a preexisting condition, which was characterized by two doctors as a type of arthritis. The doctors' opinions differed in regard to whether the plaintiff's injuries were related to his 1991 accident with defendant or the preexisting condition in his right knee.

Although the plaintiff and a co-worker testified that plaintiff had problems running and walking after the accident, a private investigator testified that he observed the plaintiff performing normal walking activities, like walking up and down bleachers in the gymnasium and standing up and down.

After the jury returned its verdict, the plaintiff moved for a new trial, pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, arguing that the jury's award reflects only approximately $2,300 for plaintiff's pain and suffering and therefore the jury disregarded the court's instructions, awarded inadequate damages due to influence of passion or prejudice, and returned a verdict that is contrary to the law. In denying the plaintiff's motion for a new trial, the trial court stated:

[T]he Court having determined that an Additur, bringing the amount of the Jury verdict to TWELVE THOUSAND FIVE HUNDRED and no/100 DOLLARS ($12,500.00) would be fair and equitable, and the Defendant, through counsel, having consented to same as;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion For A New Trial is DENIED, and the Jury having answered the issue as shown in the records, and the Court, with the consent of the Defendant, having increased said Jury verdict, by Additur, to the sum of TWELVE THOUSAND FIVE HUNDRED and no/100 DOLLARS ($12,500.00) . . . .

The issue is whether the trial judge abused his discretion by basing his Rule 59 order, denying the plaintiff's new trial motion, on a damages amount greater than the original jury verdict.

Orders under Rule 59 are within the trial court's sound discretion and should not be disturbed on appeal, unless it appears from the

record that "the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Burgess v. Vestal*, 99 N.C. App. 545, 550, 393 S.E.2d 324, 327, *disc. rev. denied*, 327 N.C. 632, 399 S.E.2d 324 (1990). In deciding a party's motion for a new trial under Rule 59, the trial court is limited to a determination of whether *the jury's award* of damages is inadequate or the jury's verdict is otherwise in error. *See* N.C.G.S. § 1A-1, Rule 59(6) (1990); *see also Circuits Co. v. Communications, Inc.*, 26 N.C. App. 536, 540, 216 S.E.2d 919, 922 (1975) (trial court's order denying a new trial motion, but alternatively reducing the jury verdict was based on the original jury verdict); *Redevelopment Comm'n v. Holman*, 30 N.C. App. 395, 397, 226 S.E.2d 848, 850 (no abuse of discretion where trial judge based his order denying a new trial motion on *the jury's verdict*), *disc. rev. denied*, 290 N.C. 778, 229 S.E.2d 33 (1976). Thus, because a motion for a new trial must be considered on the basis of the jury award, it is error to base an evaluation of the motion on an amount different from that award. *Cf.* 11 *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 2807 (1973) ("If the verdict is too low, [the trial court] may not provide for an additur as an alternative to a new trial.").

The trial judge's order, here, reveals that he first determined that the jury verdict, with the consent of the defendant, should be raised from $9,922 to $12,500 and only then did he determine that the plaintiff's new trial motion should be denied. Thus it is not clear that the trial court considered the merits of the plaintiff's motion for a new trial on the basis of the jury award. To the contrary, it appears that the motion was evaluated on the basis of the additur and this was error. The trial court's error, however, in this case does not require reversal because the plaintiff has not shown that a different result would have likely occurred had the trial court properly based its ruling on the jury award. *See Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864, *disc. rev. denied*, 314 N.C. 336, 333 S.E.2d 496 (1985).

Affirmed.

Judge EAGLES concurs.

Judge WALKER concurs in the result with separate opinion.

Judge WALKER concurring in the result.

I am not convinced the trial court committed error as set out in the majority opinion. *See Caudle v. Swanson*, 248 N.C. 249, 103 S.E.2d

357 (1958) (additur) *and Hanna v. Brady*, 73 N.C. App. 521, 327 S.E.2d 22 (1985) (remittitur) for practices approved by our courts; therefore, I believe it is acceptable for the trial court to order an additur or remittitur and then deny a new trial motion.