An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-704

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

OUIDA JANE EXUM,
    Plaintiff

v.

Wake County
No. 11 CVS 3353

GEORGE C. EXUM, JR. and
ANNETTE HENRIETTA EXUM,
    Defendants

Appeal by defendants from an order entered 22 October 2012 by Judge Lucy Inman in Wake County Superior Court. Heard in the Court of Appeals 7 November 2013.

> *Emanuel & Dunn, PLLC, by Stephen A. Dunn, for Plaintiff.*

> *Everett Gaskins Hancock LLP, by E.D. Gaskins, Jr., and Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, for Defendants.*

ERVIN, Judge.

Defendants George C. Exum, Jr., and Annette Henrietta Exum appeal from an order entered by the trial court reflecting a decision to grant a motion for a new trial filed by Plaintiff Ouida Jane Exum and construing a will executed by George C. Exum, Sr., in a manner consistent with the contentions advanced by Plaintiff and contrary to the construction adopted in the trial court's initial decision, which construed the will in a

manner consistent with the contentions advanced by Defendants. On appeal, Defendants contend that the trial court correctly interpreted the will in its initial decision, that the competent evidence admitted during the second trial supported the trial court's initial decision, and that the trial court abused its discretion by granting Plaintiff's motion for a new trial. After careful consideration of Defendants' challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court did not abuse its discretion in the course of granting Plaintiff's motion for a new trial and that the remainder of Defendants' challenges to the trial court's order should be dismissed on the grounds that those arguments result from an effort to seek appellate review of an unappealable interlocutory order.

## I. Factual Background

### A. Substantive Facts

On or about 24 September 2010, Mr. Exum, Sr. died leaving three living children:  Plaintiff; George C. Exum, Jr.; and Annette Henrietta Exum.  The disposition of Mr. Exum, Sr.'s, estate was governed by a will that was executed on or about 6 October 2009, admitted to probate on or about 12 October 2010, and of unquestioned validity.  The portions of the will relevant to the matter in dispute in this case provide that:

B. <u>Gift of Residuary Estate</u>. I give my residuary estate, being all my real and personal property, wherever located, not otherwise effectively disposed of, to my descendants as follows:

a. To my daughter Annette Henrietta Exum, she is to receive:

1. A fifty percent share (1/2) of the property/building known as 808 Rock [Quarry] Road, Raleigh, NC 27610[.]

2. A one thirds (1/3) share of the property known as 814 Rock Quarry Road, Raleigh, NC 27610.

3. A one thirds (1/3) share of property known as 517 S. Person Street, Raleigh, NC 27601.

b. To my Daughter Ouida Jane Exum, I would like her to receive:

1. The property known as 810 Rock Quarry Road, Raleigh, NC 27610.

2. A one thirds (1/3) share of the property known as 814 Rock [Quarry] Road, Raleigh, NC 27610.

3. A one thirds (1/3) share of property known as 517 S. Person Street, Raleigh, NC 27601.

c. To My son George Clifton Exum, Jr, he is to receive[:]

1. A fifty percent share (1/2) of the property/building known as 808 Rock [Quarry] Road, Raleigh, NC 27610[.]

2.   A one thirds (1/3) share of the property known as 814 Rock [Quarry] Road, Raleigh, NC 27610.

3.   A one thirds (1/3) share of property known as 517 S. Person Street, Raleigh, NC 27601.

In the years between 1973 and 2004, Mr. Exum, Sr., constructed two commercial buildings on the Rock Quarry Road property, one of which was designated 808 Rock Quarry Road and the other of which was designated 810 Rock Quarry Road. According to the property tax records maintained by Wake County, the two structures and the surrounding 4.29 acres of land currently have a street address of 814 Rock Quarry Road. In addition, Mr. Exum, Sr., owned a 40 foot wide vacant strip of land that was located on Rock Quarry Road. From 2001 through 2007 and in 2010, this vacant strip of land was identified in the Wake County tax records as having a street address of 810 Rock Quarry Road; from 2008 to 2009, the vacant tract was identified as having a street address of 808 Rock Quarry Road; and from 2011 to the present, the 40 foot strip of property was identified as having a street address of 732 Rock Quarry Road.

The dispute between the parties in this case stems from conflicting interpretations of the devise of "the property known as 810 Rock Quarry Road" that Mr. Exum, Sr., made to Plaintiff. On the one hand, Defendants assert that the property referenced

in this provision of the will was the vacant lot. On the other hand, Plaintiff contends that the reference in question was to the building designated "810 Rock Quarry Road" and the surrounding land.

## B. Procedural History

On 1 March 2011, Plaintiff filed a complaint seeking, among other things, a declaration identifying the real property ownership rights stemming from the devises contained in the will executed by Mr. Exum, Sr. On 12 May 2011 and 6 June 2011, respectively, Mr. Exum, Jr., and Annette Henrietta Exum filed responsive pleadings denying the material allegations set out in the complaint and asserting counterclaims requesting, among other things, that the will be construed in accordance with their contentions.

On 8 May 2012, Plaintiff filed a motion seeking the entry of summary judgment in her favor with respect to certain claims and defenses asserted in the responsive pleadings filed by Defendants. On 12 June 2012, Plaintiff filed a motion seeking summary judgment in her favor with respect to all claims. On 13 July 2012, the trial court entered an order granting summary judgment with respect to certain of the claims and defenses asserted in Plaintiff's complaint and the responsive pleading filed by Defendant Annette Henrietta Exum. On 3 August 2012,

Defendants filed a motion seeking the entry of an order clarifying and correcting the 13 July 2012 order. On 15 August 2012, Defendants filed an amended motion seeking correction and clarification of the 13 July 2012 order. On 20 August 2012, the trial court entered an amended order granting summary judgment with respect to a number of claims and defenses asserted in Plaintiff's complaint and the responsive pleading filed by Defendant Annette Henrietta Exum. As a result, the only remaining matter at issue between the parties stemmed from the parties' dispute over the meaning of Mr. Exum, Sr.'s, decision to devise "the property known as 810 Rock Quarry Road" to Plaintiff.

After the parties waived their right to a trial by jury, this case came on for hearing before the trial court at the 10 September 2012 term of the Wake County Superior Court. In advance of trial, Plaintiff had obtained the service of subpoenas upon Andrew LeLiever, the attorney who had drafted Mr. Exum, Sr.'s, will, and Wayne Brewer, an employee of the Wake County Tax Department. However, neither Plaintiff nor Defendants presented any live testimony before the trial court. As a result, the evidentiary record developed before the trial court consisted exclusively of certain stipulations into which

the parties entered and various exhibits proffered for the trial court's consideration.

At the conclusion of the trial, the trial court announced a ruling that adopted Defendants' construction of the devise relating to "the property known as 810 Rock Quarry Road" and instructed Defendants' counsel to draft a written order for its consideration, which draft order was to be shared with Plaintiff's counsel prior to being transmitted to the trial court. The trial court reached this decision based, in large part, upon the contents of the relevant tax records and the absence of any reference to a "building" in the devise in question.

Prior to the entry of a written judgment incorporating the decision that the trial court had announced from the bench, Plaintiff filed a motion seeking the entry of an order awarding a new trial or, in the alternative, for the entry of an order "open[ing] the judgment if one has been entered, tak[ing] additional testimony, amend[ing] findings of fact and conclusions of law or mak[ing] new findings and conclusions, and direct[ing] the entry of a new judgment." On 5 October 2012, Defendants filed a response in which they urged the trial court to deny Plaintiff's motion.

In the course of a hearing held on 8 October 2012, the trial court orally granted Plaintiff's motion for a new trial and, over Defendants' objection, reopened the matter for the taking of additional evidence. At the ensuing evidentiary hearing, the trial court heard testimony from Mr. LeLiever, who stated that, during his meetings with Mr. Exum, Sr., Mr. Exum, Sr., had referred to "810 Rock Quarry Road" as the building in which a convenience store at which Plaintiff worked and at which a sign indicating that the building had a street address of "810 Rock Quarry Road" was located. According to Mr. LeLiever, Mr. Exum, Sr., referred in his will to the "property/building known as 808 Rock Quarry Road" in order to reflect that only the property covered by the building situated at that location was being devised and that the reference to "the property known as 810 Rock Quarry Road" was intended to be a more "substantial" devise that encompassed both a building and the surrounding land.

On 22 October 2012, the trial court entered an order that reversed its earlier bench ruling by construing the disputed devise in favor of Plaintiff. However, the trial court specifically stated that, "[b]ecause issues related to the devised property remain open," "the Court does not at this time

enter Judgment."  Defendants noted an appeal to this Court from the trial court's order.[1]

## II. Substantive Legal Analysis

## A. Appealability

As an initial matter, we must address Plaintiff's argument that this Court lacks jurisdiction to hear Defendants' appeal on the grounds that Defendants have attempted to appeal from an unappealable interlocutory order.  In the course of analyzing the validity of the dispute between the parties concerning this issue, we are constrained to keep in mind that Defendants are, in actuality, attempting to challenge two different decisions by the trial court, the first of which is the trial court's decision to award a new trial and the second of which is the trial court's decision to decide the substantive matters at issue between the parties in favor of Plaintiff.

"Judicial judgments, orders and decrees are either 'interlocutory or the final determination of the rights of the parties.'"  *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d

---

[1]On 26 February 2014, Defendants filed a motion to amend the record on appeal by including a "Motion to Dismiss, Counterclaim, and Crossclaim" filed by Mr. LeLiever in a separate legal malpractice action that had been filed against him by Plaintiff.  As a result of the fact that this document does not appear to have ever been presented to the trial court for its consideration and has no bearing on the result that we have reached in this opinion, we conclude that this motion should be, and hereby is, denied.

431, 433 (1980) (citing N.C. Gen. Stat. § 1A-1, Rule 54(a)). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court," while "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). As both parties acknowledge, the order at issue in this case is not a final judgment given its recitation that "the Court does not at this time enter Judgment" and given that several issues related to the devised property remain open. As a result, since "further action by the trial court is necessary to settle and determine the entire controversy between the parties," *Banner v. Hatcher*, 124 N.C. App. 439, 441, 477 S.E.2d 249, 250 (1996) (quoting *First American Savings & Loan Assoc. v. Satterfield,* 87 N.C. App. 160, 162, 359 S.E.2d 812, 813 (1987)), Defendants' appeal has been taken from an interlocutory order.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). The well-established rule sharply curtailing the ability of disappointed

litigants from seeking and obtaining appellate review of interlocutory orders is intended "to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Bailey*, 301 N.C. at 209, 270 S.E.2d at 434 (citing *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978), and *City of Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)). An interlocutory order is, however, subject to an immediate appeal in two instances. First, a trial court may, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), upon entering an order that finally disposes of an entire claim or all the claims asserted by one or more parties to an action, certify that there is no just reason for delay in commencing the appellate process. *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174-75, 521 S.E.2d 707, 709 (1999). In addition, "an interlocutory order not appealable under [N.C. Gen. Stat. § 1A-1,] Rule 54(b) may nevertheless be appealed pursuant to [N.C. Gen. Stat.] § 1-277 and [N.C. Gen. Stat.] § 7A-27[(b)(3),] which permit an appeal of an interlocutory order which (1) affects a substantial right, or (2) in effect determines the action and prevents a judgment from which appeal might be taken, or (3) discontinues the action, or (4) grants or refuses a new trial." *Dalton Moran*

*Shook Inc. v. Pitt Dev. Co.*, 113 N.C. App. 707, 710, 440 S.E.2d 585, 588 (1994). As a result of the fact that the trial court did not certify the order that Defendants seek to challenge on appeal for immediate review pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), and could not have properly done so given that the challenged order did not represent a final judgment as to either a claim or a party, we lack the authority to reach the merits of Defendants' challenges to the trial court's order unless the challenged order falls within one of the exceptions of N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(b)(3).

In their brief, Defendants contend that they are entitled to an immediate appeal from the trial court's order pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(b)(3) on the grounds that the challenged order grants a new trial and affects a substantial right. We will address each of these contentions in turn.

## 1. Substantial Right

The extent to which an interlocutory appeal affects a substantial right must be determined on a case-by-case basis. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001). A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of*

*Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). "[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). As a general proposition, this Court has taken a restrictive view of the substantial right exception. *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262 (quoting *Blackwelder*, 60 N.C. App. at 334, 299 S.E.2d at 780).

According to Defendants, the order that they wish to challenge on appeal affects a substantial right because, in the absence of immediate review, they would lose the ability to prevent Plaintiff from disposing of or encumbering the property that is in dispute between the parties. However, this Court has previously held that the existence of a risk that a tract or items of property may be sold or encumbered does not suffice to support an interlocutory appeal on "substantial right" grounds. *Brown v. Brown*, 77 N.C. App. 206, 208, 334 S.E.2d 506, 508 (1985) (stating that, with regards to property, the chance of waste or encumbrance "is not enough to establish the loss of a substantial right," and that, in order to establish the existence of a substantial right, a "definite loss" must be

established), *disc review denied*, 315 N.C. 389, 338 S.E.2d 878 (1986).  As a result, we conclude that Defendants have failed to establish that a substantial right will be lost in the absence of immediate appellate review of the trial court's interlocutory order, a determination that requires us to dismiss that portion of Defendants' appeal which seeks immediate review of the trial court's determination with respect to the proper construction of the relevant provision of Mr. Exum, Sr.'s, will.

### 2. Appeal from Grant of New Trial

In support of their request for immediate review of the trial court's decision to grant Plaintiff's new trial motion, Defendants point to the language in N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(b)(3) allowing an immediate appeal from the entry of an order allowing or denying a motion for a new trial.  As a result of the fact that neither party addressed this aspect of Plaintiff's appealability argument in any detail and the fact that the relevant statutory language has not been definitively construed in many years, we will assume, without in any way deciding, that Defendants' challenge to the trial court's decision to grant Plaintiff's motion for a new trial is immediately appealable and address it on the merits.[2]

---

[2]An examination of the decisions of this Court and the Supreme Court reveals the existence of a line of decisions from the 19th century that suggest that an interlocutory appeal from

## B. Order Granting New Trial

"[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). "[I]t is plain that a trial judge's discretionary order pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 59 for or against a new trial upon any ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown." *Id.* at 484, 290

---

an order granting a party's motion for a new trial predicated on discretionary rather than strictly legal grounds does not come within the reach of the statutory language upon which Plaintiff relies. *See Braid v. Lukins*, 95 N.C. 123, 125 (1886) (stating that "[n]o appeal lies when the new trial is granted or refused in the discretion of the Court"); *Thomas v. Myers*, 87 N.C. 31, 33 (1882) (stating that "the granting or refusing a motion for a new trial, not involving the determination of a question of law . . . is not subject to review on appeal.") However, these cases antedate the statutory provisions that resulted in the creation of the General Court of Justice and have not been cited in nearly a century, so their current validity may be subject to question. In addition, a number of more recent decisions hold that the relevant language in N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27 does not apply to an order granting a partial, rather than a complete, new trial. *E.g. Burgess v. Vestal*, 99 N.C. App. 545, 548, 393 S.E.2d 324, 326 (1990). Although the trial court had previously addressed and resolved other claims, the unusual procedural posture present here makes us reluctant to rely on these decisions as a basis for concluding that Defendants' challenge to the trial court's order is not immediately appealable on the basis of these decisions either.

S.E.2d at 603. An abuse of discretion has occurred in the event that a trial court's discretionary decision is "manifestly unsupported by reason;" for that reason, such a discretionary decision will not be overturned absent "a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). As a result, we are not entitled to disturb the trial court's discretionary ruling granting Plaintiff's motion for new trial unless the record affirmatively demonstrates that the decision is "manifestly unsupported by reason." *Id.*

According to Defendants, the trial court abused its discretion by granting Plaintiff's motion for new trial because the record establishes the complete absence of any legal or factual grounds for granting the requested new trial other than Plaintiff's decision to refrain from calling live witnesses to testify at the first trial. However, as we read the record, Plaintiff's request for a new trial appears to have rested upon the availability of evidence in the form of information from Mr. LeLiever concerning the validity of the trial court's grounds for ruling in Defendants' favor at the conclusion of the first trial. As a result of the fact that the parties could not have known the basis for the trial court's initial decision until the time that it was announced, the importance of the information

that Mr. LeLiever possessed would not have been fully apparent until that time.  In addition, the record establishes that the trial court reviewed Plaintiff's motion for new trial and Defendants' response to that motion, heard arguments from counsel for both parties, and received written memoranda before determining, in its discretion, that Plaintiff's motion should be granted and the evidentiary record reopened.  Although nothing in N.C. Gen. Stat. § 1A-1, Rule 59, requires a trial judge to delineate the grounds upon which he or she decided to grant a requested new trial in its order, *Philco Finance Corp. v. Mitchell*, 26 N.C. App. 264, 267, 215 S.E.2d 823, 824-25 (1975), the trial court stated in granting Plaintiff's motion for a new trial that, given "the fundamental nature of some of the evidence that has been forecast in Mr. LeLiever's second affidavit . . . particularly in light of the paucity of any evidence about how Mr. Exum[, Sr.] referred to his property," "I believe that it would have been manifestly unjust for The Court not to hear additional proffered evidence."  As a result, we are unable to conclude based upon our review of the record that the trial court's decision to grant Plaintiff's request for a new trial was "so arbitrary that it could not have been the result of a reasoned decision."  *White*, 312 N.C. at 777, 324 S.E.2d at 833.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court did not abuse its discretion by granting Plaintiff's motion for a new trial and that Defendants' challenges to the substance of the trial court's order are not properly before us. As a result, the trial court's decision to grant Plaintiff's motion for a new trial should be, and hereby is, affirmed, and Defendants' appeal from that portion of the trial court's order that addressed the manner in which Mr. Exum, Sr.'s, will should be construed should be, and hereby is, dismissed.

DISMISSED IN PART; AFFIRMED IN PART.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).