REDEVELOPMENT COMMISSION OF THE CITY OF DURHAM v. MARGARET G. HOLMAN (WIDOW); MADGE T. HARGRAVES (WIDOW); CITY OF DURHAM; AND COUNTY OF DURHAM

No. 7514SC942

(Filed 4 August 1976)

1. **Rules of Civil Procedure § 59— reduction in verdict — agreement by successful party**

    Though the judgment should generally follow the verdict, the court has the power to reduce the verdict of its own motion so long as the party in whose favor it was rendered does not object.

2. **Eminent Domain § 14; Rules of Civil Procedure § 59— condemnation proceeding — verdict reduced by trial court — no error**

In a condemnation proceeding where the jury awarded respondents $59,471 but the respondents agreed to a remittitur to $58,000 and judgment was entered for that amount, the judgment was supported by competent evidence and was in accordance with the amount a reasonable jury might award; there was no abuse of discretion on the part of the judge; and the court was correct in allowing respondents' motion for a remittitur and refusing petitioner's motion for a new trial.

APPEAL by Redevelopment Commission of the City of Durham from *Braswell, Judge.* Judgment entered 10 July 1975. Heard in the Court of Appeals 10 March 1976.

This is a condemnation proceeding whereby petitioner, Redevelopment Commission of the City of Durham, seeks to acquire land of respondents, Margaret G. Holman and Madge T. Hargraves, in order that petitioner can carry out the Redevelopment Plan for an area of Durham. Petitioner filed the condemnation petition to condemn land located at 408 and 410 Fowler Avenue and 405 and 407 Piedmont Avenue in the City of Durham on 11 July 1974 and respondents answered, requesting they be awarded the fair market value of the property. At the pre-trial conference on 3 June 1975 the parties stipulated that the contested issue to be tried by the jury was the amount of the fair market value of the property on 11 July 1974, the date of the "taking" of respondents' property.

At the trial, respondents presented competent evidence showing the fair market value of the property to be $58,000.00. Petitioner offered evidence that the fair market value as of 11 July 1974 was $30,560.00. Petitioner's witness further testified that the total replacement cost of the four dwellings as of 11 July totalled $59,471.00 before discounting for depreciation. More specifically, the witness stated that the cost of replacing the four houses on the respective lots would total $59,471.00, and with depreciation factor, would indicate a value for the property of $31,250.00.

The jury awarded respondents $59,471.00. The judge found that there was no evidence to support the jury's verdict and that he would set the verdict aside unless respondents agreed to a remittitur to $58,000.00. Respondents so agreed, petitioner's motion to set the verdict aside and have a new trial was denied,

and judgment was entered for respondents in the amount of $58,000.00. Petitioner appealed.

*Edwards and Manson, by Daniel K. Edwards, for petitioner.*

*Eugene C. Brooks III and Richard N. Watson, for respondents.*

MARTIN, Judge.

Petitioner contends that the trial court erred in allowing respondents' motion for a remittitur and refusing to grant the petitioner's motion for a new trial.

[1] While it is generally stated that the judgment should follow the verdict, *Bethea v. Kenly,* 261 N.C. 730, 136 S.E. 2d 38 (1964), the court has the power to reduce the verdict of its own motion so long as the party in whose favor it was rendered does not object. *Cohoon v. Cooper,* 186 N.C. 26, 118 S.E. 834 (1923). See *Caudle v. Swanson,* 248 N.C. 249, 103 S.E. 2d 357 (1958). This practice of remittitur with the successful party's consent, as in the case here, has been followed for many years by the courts in this State, and under G.S. 1A-1, Rule 59, the practice is still permissible in our courts. 2 McIntosh, North Carolina Practice and Procedure 2d (Phillip's Supp. § 1596, p. 58). See 11 Wright and Miller, Federal Practice and Procedure, § 2815, pp. 99-100. Concerning contentions that this practice denies petitioner his constitutional right to a trial by jury, it would appear that such procedure does not so deprive him, "because he will pay less under such procedure than the amount which a jury awarded by its verdict against him, and he will pay no more than a reasonable jury might award against him." *Caudle v. Swanson, supra,* at 256, 103 S.E. 2d at 362.

[2] As to the argument that the verdict in the amount of $59,471.00 exceeded a sum supported by competent evidence, we note that while the verdict in the instant case exceeded competent evidence, the judgment is based on competent evidence. The voluntary reduction of respondents' recoveries as established by the judgment was not prejudicial to petitioner. Further, in *Harvey v. R. R.,* 153 N.C. 567, 69 S.E. 627 (1910), the majority stated that when a jury's verdict exceeds the evidence, the decision to grant a new trial is in the discretion of the trial judge, and the appellate court will review the trial judge only if it appears he grossly abused his discretion. Here there is nothing to indicate that the judge abused his discretion.

We conclude that in this particular case, where the judgment was supported by competent evidence and was in accordance with the amount a reasonable jury might award, and there was no abuse of discretion on the part of the judge, the court was correct in allowing respondents' motion for a remittitur and refusing petitioner's motion for a new trial. Therefore, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.