ROBERT B. HANNA v. CHARLES E. BRADY, E. A. GOODMAN, D/B/A LESSEES OF B. V. HEDRICK GRAVEL AND SAND COMPANY; AND CUMBERLAND SAND AND GRAVEL COMPANY

No. 8420SC306

(Filed 19 March 1985)

1. **Rules of Civil Procedure § 59— new trial under Rule 59—discretion of court**

     A trial judge's discretionary order made pursuant to G.S. 1A-1, Rule 59 for or against a new trial may be reversed only when an abuse of discretion is clearly shown.

Hanna v. Brady

2. **Negligence § 27; Nuisance § 2— damages for blasting and nuisance—damages more than three years before complaint—new trial not warranted**

   The trial court did not err in refusing to order a new trial of an action to recover damages caused by blasting and nuisance in the operation of a quarry on the ground that testimony was admitted as to damages occurring more than three years prior to the filing of the complaint where such testimony was not objected to at the trial, and any error in the admission of such testimony was cured when the trial judge stated four separate times in his instructions that any evidence of damages occurring more than three years before the date the complaint was filed was for background purposes only and not to be considered in the determination of damages.

3. **Damages § 17— voluntary nonsuit against one defendant—instructions as to damages**

   The trial court did not err in failing to instruct the jury not to consider damages caused by a defendant against whom plaintiff took a voluntary dismissal where defendants did not submit proposed instructions on this point, and the court correctly instructed the jury as to what evidence it should consider in determining damages.

4. **Nuisance § 7; Trial § 52.1— nuisance award not excessive**

   The trial court did not abuse its discretion in refusing to grant a new trial on the ground that the remitted award of $35,000 for nuisance in the operation of a quarry was excessive where plaintiff presented evidence that his property had a fair market value in 1978 of $20,000 and no value at the time of trial and that noise and dust from defendants' quarrying operation affected plaintiff's normal use of his property and his enjoyment of daily life.

5. **Appeal and Error § 50— instruction on punitive damages—failure to object to instructions**

   The trial court did not abuse its discretion in refusing to award a new trial on the ground that the evidence did not support the court's instruction on punitive damages where counsel for defendants made no objection during the judge's charge to the jury, including those portions pertaining to punitive damages. App. Rule 10(b)(2).

6. **Trial § 52.1— excessive verdict—entering remittitur rather than awarding new trial**

   The trial court did not abuse its discretion in entering a remittitur rather than awarding a new trial for excessive damages.

7. **Appeal and Error § 50— assignment of error to instructions—effect of failure to request or object to instructions**

   Appellants failed to preserve any perceived error in the court's jury instructions for appellate review where the record does not show that counsel for appellants submitted any proposed special instructions in writing, and counsel for appellants did not object to the court's charge to the jury.

**8. Appeal and Error § 49.1— failure of record to show excluded evidence**

When an objection to a question is sustained, if the record fails to show what the witness would have answered, the propriety of the exclusion will not be reviewed on appeal.

APPEAL by defendants from *Tillery, Judge.* Judgment entered 21 October 1983 in Superior Court, ANSON County. Heard in the Court of Appeals 27 November 1984.

*Henry T. Drake for plaintiff appellee.*

*Taylor and Bower, by H. P. Taylor, Jr., for defendant appellants.*

BECTON, Judge.

I

Plaintiff filed suit on 11 May 1979 against B. V. Hedrick Gravel and Sand Company (Hedrick) alleging damages caused by the blasting and the nuisance created by the operation of a quarry located across the street from the plaintiff's residence. Plaintiff prayed for actual and punitive damages, and also for injunctive relief. On 19 August 1982, plaintiff amended his complaint to include the following party defendants: Charles E. Brady, E. A. Goodman, and Alan S. Johnson, Jr. (since deceased), lessees of Hedrick (lessees); Cumberland Sand & Gravel Company (Cumberland); and Dickerson, Inc. (Dickerson).

During trial, plaintiff settled with Dickerson and took a voluntary dismissal with prejudice against that defendant. At the close of the evidence, Hedrick's motion to dismiss was granted, leaving Cumberland and the lessees as party defendants. The jury returned an award of $3800 in damages against Cumberland for the blasting, $50,000 in compensatory damages against the lessees for the creation of a private nuisance, and $5000 in punitive damages against the lessees.

Defendants filed a motion for judgment notwithstanding the verdict and for a new trial. The plaintiff agreed to a remittitur of the nuisance award down to $35,000. The trial court entered a judgment denying the motions for a judgment notwithstanding the verdict and for a new trial; awarding the plaintiff $3800 in damages for the blasting, $35,000 in damages for the nuisance,

and $5000 in punitive damages; and entered an injunction and restraining order enjoining the operation of the quarry in certain respects. Defendants appeal, arguing that the court erred in denying their motion for a new trial, in entering a remittitur, in certain portions of its charge to the jury, and in failing to overrule an objection to a question posed to one of defendants' witnesses. We conclude that no prejudicial error was committed.

## II

### *Factual Background*

Plaintiff owns approximately one acre of land along a rural paved road in Anson County, upon which he constructed a residence in 1964. In 1968, B. V. Hedrick Gravel and Sand Company purchased a 30-acre tract of land across the street from plaintiff's property, and leased this property to the lessees, who are the husbands of Hedrick's stockholders. The lessees thereupon began a quarrying operation, specifically, mining gravel and sand, which entailed the blasting, crushing, loading and hauling of rock. Lessees hired Cumberland to do the blasting, which took place on numerous occasions since the quarry began operating in 1968. Lessees also entered into a lease with Dickerson on 30 November 1977, which instrument assigned certain stockpiled stone to Dickerson, in order that Dickerson could remove the stone during the three-year term of the lease.

Plaintiff's evidence, largely presented through the testimony of plaintiff himself and corroborated by other witnesses, tended to show that blasting explosions in 1979, 1980, and 1981 damaged his house, and that the crushing, loading and hauling of rock during 1980 and 1981 went on as long as 18 to 19 hours a day, sometimes as late as eleven o'clock at night. Plaintiff's evidence also tended to show that the two most severe problems caused by the quarrying operation were noise and dust. Plaintiff testified that the level of noise, in part caused by the crushing of stone and "beepers" on the trucks, interfered with his enjoyment of a normal home life, namely, that he was either unable, or barely able, to carry on a conversation, speak over the telephone, or listen to television or radio. He testified that the dust pervaded his house: it settled on the furniture; it made the food served on the table inedible; it caused the air conditioner to malfunction; it

forced him to replace clogged appliances; and it made breathing difficult and unpleasant. He testified that he only saw a wetting device used on Hedrick's property once. Besides the noise and dust, plaintiff stated that lights from the trucks flashed into the house at night, and that loose rock was thrown into his yard from the trucks.

Defendants did not deny the existence of a quarrying operation; rather, their evidence was designed to demonstrate that the noise and dust levels were moderate and in accordance with applicable government standards—in essence, that no nuisance was ever created. Defendants presented evidence that applicable regulations were followed in blasting and that notice had been given to the adjoining property owner; that noises were muffled by the blast; that spotters monitored flying rocks; that water sprayers were used to minimize the dust; that they had never been cited by any governmental agency for excessive dust; and that noise levels did not exceed the federal maximum.

### III

Appellants first argue that the trial court erred in denying their motion for a new trial on the grounds that the evidence was insufficient to justify the verdict, N.C. Gen. Stat. Sec. 1A-1, Rule 59(a)(7) (1984), and that the damages were excessive and appeared to have been given under the influence of passion or prejudice. G.S. Sec. 1A-1, Rule 59(a)(6) (1984).

[1] A trial judge's discretionary order made pursuant to Rule 59 for or against a new trial may be reversed only when an abuse of discretion is clearly shown. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). *Accord Setzer v. Dunlap*, 23 N.C. App. 362, 208 S.E. 2d 710 (1974) (judge's discretionary order will not be overruled except "in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited."). With reference to Rule 59(a)(6), the Supreme Court in *Worthington* expressly rejected any attempt to formulate a more precise test for defining what constitutes a reversible abuse of discretion, stating that an order made under the discretionary power of Rule 59 shall stand unless the reviewing court "is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." 305 N.C. at 487, 290 S.E. 2d at 605. The manifest abuse of discretion standard has also been ex-

pressly applied to orders made pursuant to Rule 59(a)(7). *See Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977).

[2] Appellants make four specific contentions under the general argument that their motion for a new trial was erroneously denied. The first of these is that the trial court allowed testimony as to damages occurring as far back as 1968, when pursuant to the applicable statute of limitations, only evidence of damages since 19 August 1979, three years prior to the filing of the amended complaint, should have been admitted. (In some places in the record and transcript, 12 August is inadvertently used instead of 19 August.) This contention is without merit. First, much of this contested testimony was never objected to during trial and thus is not subject to appellate review. Second, the trial judge stated at least four separate times in his jury instructions that any evidence of damages occurring before August 1979 was for background purposes only and not to be considered by the jurors in their determination of damages, thus curing any error in the admission of the testimony.

[3] Appellants next argue that a new trial should have been awarded because the trial court failed to instruct the jury that they should not consider damages caused by Dickerson, against whom plaintiff took a voluntary dismissal, and that the award of damages was consequently excessive, based in part as it was upon Dickerson's conduct. We fail to find support in the record for appellants' contention. First, appellants did not submit proposed jury instructions on this point, as required by Rule 51(b) of our Rules of Civil Procedure. Additionally, the trial court correctly instructed the jury as to what evidence they should consider in determining damages. It was therefore implicit in those instructions that any evidence that did not fit the trial court's definition of damages was to be disregarded on that issue.

[4] Appellants' key contention under its argument that a new trial should have been awarded is that the trial court abused its discretion in allowing the remitted award of $35,000 in damages caused by the stone crushing or crushed stone delivery operation. Appellants argue that the evidence adduced at trial demonstrated conclusively only "a minimum" of any such damage between 19 August 1979 and the date of trial.

North Carolina recognizes the recovery of damages for a nuisance. *Pernell v. City of Henderson,* 220 N.C. 79, 16 S.E. 2d 449 (1941). To recover such damages, however, the injury suffered by plaintiff must be "substantial." *Midgett v. State Highway Comm'n,* 265 N.C. 373, 144 S.E. 2d 121 (1965). *See Burris v. Creech,* 220 N.C. 302, 17 S.E. 2d 123 (1941) (no damages recoverable for defendant's erection of spite fence when no evidence that plaintiff had suffered any pecuniary loss or personal discomfort).

The plaintiff's evidence tended to show *inter alia,* that in 1978, his property had a fair market value of $20,000, while at the time of trial it had no value. Plaintiff also put on detailed and ample evidence tending to show that the noise and dust from the quarrying operation affected plaintiff's normal use of his property and his enjoyment of daily life. Upon reviewing the evidence, we cannot say that the trial court's refusal to grant a new trial and its decision to let the $35,000 award stand constituted a reversible abuse of discretion. The type of injuries suffered by the plaintiff — physical pain, annoyance, stress, deprivation of the use and comforts of one's home — are intrinsically "not susceptible of exact pecuniary calculation." *Krulikowski v. Polycast Corp.,* 153 Conn. 661, 220 A. 2d 444 (1966). The determination of such damages is left to the sound judgment and discretion of the trier of fact. *See Krulikowski; Wheat v. Freeman Coal Mining Corp.,* 23 Ill. App. 3d 14, 319 N.E. 2d 290 (1974); *Alonso v. Hills,* 95 Cal. App. 2d 778, 214 P. 2d 50 (1950) (amount of recovery in these matters discretionary, no necessity of specific evidence as to such amount).

Furthermore, as one court stated in analyzing the identical issues of the trial court's refusal to grant a new trial in a nuisance case on the grounds that the verdict was unsupported by the evidence, and so excessive as to reveal bias and prejudice:

> 'When a case comes before . . . [an appellate] court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case . . . .'

*Shepherd Constr. Co. v. Vaughn,* 88 Ga. App. 285, 294, 76 S.E. 2d 647, 653 (1953) (quoting *Atlantic Greyhound Corp. v. Austin,* 72 Ga. App. 289, 292, 33 S.E. 2d 718, 720-1 (1945) ). We are satisfied that the trial court's decision to let the award of $35,000 stand did

not constitute such a manifest abuse of discretion so as to result in a miscarriage of justice.

[5]   Appellants' final contention is that it was an abuse of discretion to refuse to award a new trial on the grounds that no evidence substantiated plaintiff's claim for punitive damages, and it was therefore prejudicial error to submit this issue to the jury. Counsel for appellants made no objection whatsoever during the judge's charge to the jury, including those portions pertaining to punitive damages. Rule 10(b)(2) of our Rules of Appellate Procedure requires counsel to lodge an objection to jury instructions before the jury retires, or otherwise waive the right to assign error thereto on appeal. We do not feel that a motion for a new trial made under Rule 59 is intended to serve as a substitute for the obligation of counsel to timely object to the jury instructions. The obvious purpose behind the requirement of a timely objection is to avoid the need to completely retry a case when a judge could merely correct the instructions. Based on these considerations, it was not a reversible abuse of discretion for Judge Tillery to deny the motion for a new trial on that ground.

## IV

[6]   Appellants' next argument is that the trial court committed reversible error in entering a remittitur rather than awarding a new trial, as even the reduced sum substantially exceeded the amount of damages supported by competent evidence. We have already shown that the amount of damages was substantiated by competent evidence, and that therefore it was not an abuse of discretion on the part of the trial judge to refuse to order a new trial. At this point, appellants have no legal basis on which to object to the remittitur. *See Redev. Comm'n of the City of Durham v. Holman*, 30 N.C. App. 395, 226 S.E. 2d 848, *disc. rev. denied*, 290 N.C. 778, 229 S.E. 2d 33 (1976). In that case, the trial court allowed respondents' motion for a remittitur and refused petitioners' motion for a new trial. This Court affirmed the judgment appealed from, reasoning

> that while the verdict in the instant case exceeded competent evidence, the judgment is based on competent evidence. The voluntary reduction of respondents' recoveries as established by the judgment was not prejudicial to petitioners.

*Id.* at 397, 226 S.E. 2d at 850. The situation before us is virtually identical to that in *Holman.* We overrule this assignment of error.

V

**[7]** Appellants next make a constellation of arguments all directed at allegedly prejudicial errors contained in Judge Tillery's charge to the jury: namely, that it was error to fail to instruct the jury that plaintiff had the burden of proof on compensatory damages; that it was error to instruct the jury on punitive damages; that it was error to fail to explain to the jury that any acts committed by Dickerson would not be a basis for punitive damages against the remaining defendants; and that it was error to fail to specify which actions would constitute the basis for an award of punitive damages against a particular defendant.

Rule 51(b) of our Rules of Civil Procedure provides that requests for special instructions must be "in writing, entitled in the cause, and signed by the counsel or party submitting them," otherwise counsel is not entitled to object to the judge's failure to so charge the jury. *See Brant v. Compton,* 16 N.C. App. 184, 191 S.E. 2d 383, *cert. denied,* 282 N.C. 672, 196 S.E. 2d 809 (1972) (failure to object to form of issue when submitted constitutes waiver of right to challenge its form).

Rule 10(b)(2) of the Rules of Appellate Procedure states that:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury . . . .

*See* Rule 10(a) (scope of review limited to properly taken exceptions made the basis of assignments of error). The purpose of Rule 10(b)(2) is to encourage the parties to inform the court of errors in its instructions so that the court can correct the instruction and cure any potential errors before the jury deliberates on the case and thereby eliminate the need for a new trial. *State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983); *see State v. Fennell,* 307 N.C. 258, 297 S.E. 2d 393 (1982) (Rule 10(b)(2) is mandatory). *See also State v. Smith,* 311 N.C. 287, 316 S.E. 2d 73 (1984) (if written request for particular instructions submitted before jury

argument and trial court denies it, no need to repeat objection to preserve exception for appellate review).

In the case before us, the record does not show that counsel for appellants submitted any proposed special instructions in writing. Counsel also did not object to the court's charge to the jury. At the end of his charge, Judge Tillery called counsel for both parties to the bench. The substance of this conference is not contained in the record, but immediately thereafter, Judge Tillery clarified a point of law concerning trespass for the jury. Appellants have failed to preserve any perceived error in the court's jury instructions for appellate review. We thus overrule any assignments of error based upon the jury instructions.

## VI

[8]  Finally, appellants contend that the court erred in sustaining an objection to a question put to one of appellants' witnesses whether he "would have ignored" any complaint made by plaintiff. When an objection to a question is sustained, if the record fails to show what the witness would have answered, the propriety of the exclusion will not be reviewed on appeal. *E.g., Hyde County Bd. of Educ. v. Mann*, 250 N.C. 493, 109 S.E. 2d 175 (1959). This assignment of error is also without merit, and we overrule it.

## VII

In the trial below, we find

No error.

Judges ARNOLD and WELLS concur.