O'HENRY LYON, JR., PLAINTIFF v. WILLIS D. MAY, JR., DEFENDANT

No. 948SC361

(Filed 1 August 1995)

**Damages § 127 (NCI4th)— punitive damages—sufficiency of evidence**

Evidence was sufficient to support an award of punitive damages to defendant where it tended to show that plaintiff deliberately asserted a claim to insurance proceeds, in which he did not have an interest, by demanding participation in the settlement of the proceeds and by ordering an attorney to tie up the proceeds; plaintiff contacted the North Carolina Department of Insurance suggesting that the insurance company could not pay the claim; the insurance company was forced to filed a declaratory judgment action to determine who was entitled to the proceeds; this

delay resulted in defendant's not receiving FmHA financing for the 1987 crop year and in his defaulting on farm leases; defendant was forced to work as a farm laborer at minimum wage and lost his car, tractor, and good credit rating; and even after a court found that defendant and FmHA were entitled to the proceeds, plaintiff continued his efforts to tie up the proceeds and filed the present action, obtaining an attachment on the proceeds.

**Am Jur 2d, Damages § 906.**

**Sufficiency of showing of actual damages to support award of punitive damages—modern cases. 40 ALR4th 11.**

Appeal by plaintiff from judgment entered 4 October 1993 by Judge Thomas S. Watts in Greene County Superior Court. Heard in the Court of Appeals 1 February 1995.

*Hunton & Williams, by Margaret C. Lumsden and Michael L. Unti, for plaintiff appellant.*

*Lonnie W. Carraway, P.A., by Lonnie W. Carraway and Donna M. Lee, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from a judgment granting defendant punitive damages and the denial of his motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Plaintiff contends on appeal that the trial court erred in (1) denying plaintiff's motion for continuance, (2) admitting evidence related to the 1987 Attachment proceeding, (3) admitting hearsay statements regarding an "investigation" of Alliance by the North Carolina Department of Insurance, (4) admitting evidence relating to defendant's claim of actual damages, (5) admitting evidence relating to plaintiff's 1991 financial statement at the 1993 retrial, (6) denying plaintiff's motion for directed verdict and for judgment notwithstanding the verdict because the evidence did not support an award of more than nominal damages, and (7) denying plaintiff's motion for a new trial. We find no error.

This case is before this Court for the second time. The facts were sufficiently summarized in our first opinion, *Lyon v. May*, 108 N.C. App. 633, 424 S.E.2d 655 (1993), and need not be repeated here. In that first opinion, we reviewed the May 1991 trial of this case wherein the jury and the court found defendant May owed $19,566.40 to plaintiff on plaintiff's claim and that plaintiff owed defendant $6,518.92 on

various counterclaims and $100,000.00 in punitive damages. After proper offsets, the trial court entered judgment for defendant for $86,952.52. In our first opinion we found the trial court erred by denying plaintiff's motion for judgment notwithstanding the verdict on the abuse of process counterclaim. We remanded the matter to superior court to "recalculate damages which may be necessary due to the decision in favor of plaintiff on the abuse of process issue." *Id.* at 641, 424 S.E.2d at 659-60. Our Supreme Court denied discretionary review. *Lyon v. May*, 333 N.C. 791, 431 S.E.2d 25 (1993).

On remand defendant moved for an order affirming the 1991 judgment. Judge Thomas Watts heard this matter on 2 August 1993. Judge Watts denied defendant's motion and ordered a retrial limited to one issue: "What amount of punitive damages, if any, should be awarded to Willis May, said punitive damages arising from and flowing from the plaintiff Lyon's unjustifiable interference with the contract between defendant May and Alliance Mutual Insurance Company?" At the close of all the evidence, plaintiff moved for a directed verdict awarding nominal damages of $1.00, which was denied by the trial court. The jury awarded $250,000.00 in punitive damages to defendant on 22 September 1993. After credits and offsets, the trial court entered judgment for defendant for $236,950.52. Plaintiff moved for JNOV, or in the alternative, for a new trial, motions the trial court denied on 4 October 1993. Plaintiff appealed 7 October 1993.

We note initially that plaintiff has failed to cite any authority for his first five assignments of error. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(5); *see also Byrne v. Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987). These assignments of error are deemed abandoned and are hereby dismissed.

In his sixth assignment of error, plaintiff contends that the trial court erred in denying plaintiff's Rule 50 motion for directed verdict and for judgment notwithstanding the verdict. Plaintiff contends the evidence did not support an award of more than nominal damages. We disagree.

Upon a motion for a directed verdict, the test is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury. *Allison v. Food Lion, Inc.*, 84 N.C. App. 251, 254, 352 S.E.2d 256, 257 (1987). The evidence is taken as true, and the non-moving party is entitled to every reasonable inference to be drawn therefrom resolving all con-

tradictions, conflicts, and inconsistencies in his favor. *Moon v. Bostian Heights Volunteer Fire Dept.*, 97 N.C. App. 110, 111-12, 387 S.E.2d 225, 226 (1990). A motion for directed verdict should be denied where the court finds more than a scintilla of evidence to support each element of the non-moving party's claim. *Ace Chemical Corp. v. DSI Transports, Inc.*, 115 N.C. App. 237, 242, 446 S.E.2d 100, 103 (1994).

The test for allowing judgment notwithstanding the verdict is the same as for granting a directed verdict. *Gray v. Hoover*, 94 N.C. App. 724, 728, 381 S.E.2d 472, 474, *disc. review denied*, 325 N.C. 545, 385 S.E.2d 498 (1989). A motion for judgment notwithstanding the verdict should be denied where the court finds more than a scintilla of evidence to support each element of the non-moving party's case. *Ace Chemical Corp.*, 115 N.C. App. at 242, 446 S.E.2d at 103.

The issue presented by plaintiff's argument is whether defendant presented sufficient evidence to support the jury's award of punitive damages. Punitive damages may be awarded where the aggrieved conduct is wilful, wanton, malicious, or demonstrates a reckless and wanton disregard of a person's rights. *Robinson v. Duszynski*, 36 N.C. App. 103, 106, 243 S.E.2d 148, 150 (1978). In the case below, defendant's evidence showed that plaintiff deliberately asserted a claim to insurance proceeds, in which he did not have an interest, by demanding participation in the settlement of the proceeds and by ordering his attorney to tie up the proceeds. Plaintiff contacted the North Carolina Department of Insurance suggesting Alliance could not pay the claim. Alliance was forced to file a declaratory judgment action to determine who was entitled to the proceeds. This delay resulted in defendant's not receiving FmHA financing for the 1987 crop year and in his defaulting on his farm leases. Defendant was forced to work as a farm laborer at minimum wage and lost his car, tractor, and good credit rating. Even after a court found that defendant and FmHA were entitled to the proceeds, plaintiff continued his efforts to tie up the proceeds and filed the present action, obtaining an attachment on the insurance proceeds. This evidence supports a finding that plaintiff's conduct was wilful and in reckless and wanton disregard of defendant's rights. Viewing the evidence in the light most favorable to defendant, the non-moving party, we find sufficient evidence to warrant the case going to jury and to support the jury's verdict on the issue of punitive damages. The trial court properly denied plaintiff's motions for directed verdict and judgment notwithstanding the verdict.

In his last assignment of error, plaintiff contends the trial court erred in denying his Rule 59 motion for a new trial. We disagree.

When a motion for judgment notwithstanding the verdict is joined with a motion for a new trial, the trial court must rule on both motions. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 379, 329 S.E.2d 333, 343 (1985). Whether to grant a motion in the alternative for a new trial is within the sole discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *Brown v. Brown*, 104 N.C. App. 547, 549, 410 S.E.2d 223, 225 (1991), *cert. denied*, 331 N.C. 383, 417 S.E.2d 789 (1992). Upon review of the record, we find no abuse of discretion.

In sum, we find no error in the trial court's judgment awarding defendant damages of $236,950.52.

No error.

Judges GREENE and LEWIS concur.