SHARON LYNN EDWARDS, Plaintiff v. PHYLLIS FLETCHER HARDY and JAMES CALVIN HARDY, Defendants

No. COA96-546

(Filed 15 April 1997)

**Trial § 568 (NCI4th)— automobile collision— amount of workers' compensation lien—erroneous instruction—denial of fair trial**

Defendants, the driver and owner of an automobile involved in a collision with plaintiff, did not receive a fair trial where plaintiff failed to tell the court and the jury that a workers' compensation lien of $56,263.59 had been reduced to $18,667.61 as a result of a settlement between plaintiff and the lienholder, and the trial court instructed the jury that any amount it awarded would be reduced by the workers' compensation lien of $56,263.59. The trial court's instruction of an erroneous amount for the workers' compensation lien was an "irregularity" under Rule 59(a)(1) which denied defendants a fair trial, and the court's failure to grant defendants a new trial was a substantial miscarriage of justice. N.C.G.S. § 1A-1, Rule 59(a)(1).

**Am Jur 2d, New Trial §§ 96 et seq.**

Appeal by defendants from order and judgment entered 20 November 1995 by Judge J. Richard Parker in Chowan County Superior Court. Heard in the Court of Appeals 29 January 1997.

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr. and David J. Irvine, Jr., for plaintiff-appellee.*

*Baker, Jenkins, Jones & Daly, by R.B. Daly, Jr. and Kevin N. Lewis, for defendants-appellants.*

LEWIS, Judge.

On 25 October 1995, defendants filed a motion for a new trial on the grounds that the amount of a workers' compensation lien was misrepresented by plaintiff to the court and jury. On 20 November 1995, following a hearing, Judge Parker entered an order denying defendants' motion for a new trial and entered judgment on the jury verdict in the amount of $100,000. Defendants appeal.

On 15 May 1991, defendant Phyllis Fletcher Hardy, was driving a car owned by her husband, defendant James Calvin Hardy, on Broad

Street in Edenton, North Carolina. At approximately 7:48 a.m., defendant had a collision with plaintiff Sharon Lynn Edwards. Plaintiff was operating a van belonging to her employer and was on his business. As a result of injuries sustained in the accident, plaintiff received chiropractic treatment for back pain and ultimately had surgery. During the course of her medical treatment, plaintiff collected workers' compensation benefits for lost wages in the amount of $227.00 per week for seventy-three weeks. Workers' compensation also paid her medical expenses in the amount of $21,262.32. Plaintiff indicated at trial that her total workers' compensation lien amounted to $56,263.59.

As part of the charge to the jury, the court gave the "Workers' Compensation Award—Set Off/Deduction" instruction. *See* N.C.P.I., Civ. 106.46. The court instructed the jury that plaintiff would have to deduct the amount of workers' compensation lien, $56,263.59, from any award she received. However, the jury was instructed not to consider the amount of the lien for any other purpose. The jury returned a verdict in favor of plaintiff.

Before entry of judgment, defendants discovered plaintiff would only have to repay $18,867.61 of the lien amount. Pursuant to a set-off agreement, plaintiff had released the lienholder from any underinsured motorist claim in consideration for a reduction of the lien. Upon learning of this reduction, defendants filed a motion for new trial and Judge Parker heard arguments. In opposition to the motion, plaintiff submitted an affidavit of lienholder's attorney stating that the lien had been reduced by $37,771.80 in exchange for plaintiff's release of any underinsured motorist claim against the lienholder. Judge Parker denied defendants' motion and entered judgment for the plaintiff.

On appeal, defendants do not dispute their liability; rather, they contend that the trial court committed reversible error by denying their motion for a new trial and entering judgment for plaintiff when the jury was instructed as to an erroneous amount of the workers' compensation lien. We agree.

We first note that defendants have failed to designate an assignment of error after their argument. This violation of N.C.R. App. P. 28(b)(5) subjects defendants' appeal to dismissal. *See Hines v. Arnold*, 103 N.C. App. 31, 37-38, 404 S.E.2d 179, 183 (1991). Since the nature of defendants' violation is substantially outweighed by the importance of this appeal to the integrity of the judicial process, we

exercise our discretion under N.C.R. App. P. 2 and consider the appeal. *See Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986).

Defendants here have not specifically identified which reason under Rule 59 they are relying upon. However, failure to state a particular rule number as the basis for a motion is not fatal so long as the substantive grounds and relief desired are apparent and the non-movant is not prejudiced thereby. *Garrison v. Garrison*, 87 N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987). Plaintiff was clearly aware of defendants' grounds for objection and was therefore not prejudiced. Rule 59 of the North Carolina Rules of Civil Procedure provides that a new trial may be granted on the grounds of "any irregularity by which any party was prevented from having a fair trial." N.C.R. Civ. P. 59(a)(1) (1990). For the reasons set our below, we perceive the error that occurred at trial as an "irregularity" under Rule 59(a). *Id.*

The decision to grant or deny a new trial is within the discretion of the trial court, and may not be reviewed on appeal absent a manifest abuse of discretion. *Blow v. Shaughnessy*, 88 N.C. App. 484, 493-94, 364 S.E.2d 444, 449 (1988). It is within the sole discretion of the trial judge to determine whether to grant a Rule 59 motion for a new trial on the grounds of an irregularity. *See Turner v. Turner*, 261 N.C. 472, 474, 135 S.E.2d 12, 14 (1964).

The judge's decision denying a request for a new trial may be reversed on appeal only if the appellate court "is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Worthington v. Bynum*, 305 N.C. 487, 290 S.E.2d 604 (1982). For the reasons stated below, we conclude the *Worthington* standard for reversal is satisfied in the present case.

The trial court instructed the jury that plaintiff would have to pay a workers' compensation lien of $56,263.59 out of any award the jury granted. The court was unaware at that time, however, that the amount owing on the lien was only $18,867.61. Plaintiff, in consideration for a $36,771.80 reduction in its lien, had agreed to forego any potential claim for underinsured motorist liability it had against the lienholder. Plaintiff knew that the amount had been reduced but nonetheless assured the court repeatedly during conference that "the only thing that I am going to argue as far as the Industrial Commission is they've got a lien of fifty-six thousand dollars and change and Ms.

Edwards is going to have to pay it back and that is what you are going to instruct on." At no time did plaintiff inform the court that the amount of the workers' compensation lien had been reduced due to settlement. This lack of disclosure deprived both the court and the jury of the knowledge of the true amount of the lien. Although the jury is instructed not to use the lien amount in calculating their award of damages, they are told that the lien amount will be deducted from any damages they award. As defendants argue, it appears manifestly unjust to them for the court to give the jury information which the jury will regard as true when in fact it is inaccurate.

Plaintiff argues that the reduction of her lien due to her agreement is analogous to the situation wherein a plaintiff will receive payments from outside sources. Such evidence is excluded under the collateral source rule in part to prevent defendants from using the existence of outside payments as a means of influencing a jury to diminish a defendant's liability. *Cates v. Wilson,* 321 N.C. 1, 9-10, 361 S.E.2d 734, 739-40 (1987). Therefore, plaintiff argues, it was proper not to instruct the jury that she had reached an agreement with the lienholder to reduce her lien because such evidence would also be collateral.

This case is distinguishable from the collateral source cases plaintiff cites. Under those circumstances, the actual workers' compensation lien amount would remain the same if there were one. Although plaintiff would receive other funds which would in effect allow her to recoup some of the funds she expended in repaying the lien, the actual amount owed to the lienholder, and thus required to be deducted from any jury award, would remain the same. Despite the excluded information, the jury would be told the *correct* amount of the outstanding workers' compensation lien. Here, the jury was not told the correct amount that was owed the lienholder. Plaintiff was only obligated to repay a lien of $18,867.61. There is a difference between excluding collateral information from a jury and affirmatively misrepresenting information to the jury.

The Judge instructed the jury, in part, as follows:

Evidence has been introduced in this case that the plaintiff, Sharon Lynn Edwards, received $56,263.59 in Workers' Compensation benefits from her employer Agman Services. Under North Carolina law, the court is required to deduct this amount from any amount of damages that you award the plaintiff. I have advised you of the amount the plaintiff's Workers'

EDWARDS v. HARDY

[126 N.C. App. 69 (1997)]

Compensation award for the sole purpose of informing you that such an amount will be deducted by the court from any amount of damages you award the plaintiff. You are not to consider the amount, the plaintiff's Worker's Compensation recovery, for any other purpose. Such awards are not calculated in accordance with the law of damages applicable in a civil trial such as this one. They are determined by statute according to a fixed formula.

I therefore instruct you that you are not to be guided or influenced by the amount of the worker's compensation award in determining the amount of damages, if any, that you award the plaintiff. Your decision on the amount of the damages the plaintiff is entitled to recover is to be governed exclusively by the evidence in this case in the rules of law that I have given you with respect to the nature of damages.

We hold that if the court instructs the jury that an amount will be deducted from whatever verdict they give, common sense and reason are defied if we believe that figure will be disregarded *en toto* in their determining the final verdict. If they are to be told anything, they must be told the correct figure. Otherwise, it is meaningless, if not absurd, to consider that any good has been obtained by instructing them as to any figure at all.

As a result, we find that the instruction of an erroneous amount for the workers' compensation lien is an irregularity which prevented defendant from having a fair trial and the court's failure to grant a new trial on these grounds was a substantial miscarriage of justice. Remanded for a new trial on the issue of damages.

Reversed and remanded.

Judges WALKER and MARTIN, MARK D. concur.