SARAH JOAN WATSON v. BOBBY DIXON AND DUKE UNIVERSITY

No. 103A99

(Filed 13 July 2000)

**Damages and Remedies— punitive damages—vicarious liability—ratification—employer liability in excess of employee's**

In a case where plaintiff sued a co-employee and their employer for the co-employee's intimidation and harassment of plaintiff in the workplace, the Court of Appeals did not err by concluding that punitive damage liability of an employer under a theory of vicarious liability, such as ratification, can exceed the punitive damage liability of the employee because: (1) unlike compensatory damages, punitive damages are not necessarily intended to restore plaintiff to her original condition or to make plaintiff whole; and (2) limiting an employer's punitive damages to the amount assessed against the employee whose tortious conduct the employer ratified would chill the deterrent and penal effects of punitive damages on the employer.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 132 N.C. App. 329, 511 S.E.2d 37 (1999), affirming after rehearing its earlier unanimous opinion, 130 N.C. App. 47, 502 S.E.2d 15 (1998), in which it affirmed in part and reversed and remanded in part an order entered 15 November 1996 by Stanback, J., in Superior Court, Durham County. Heard in the Supreme Court 13 March 2000.

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher and William S. Mills, for plaintiff-appellee.*

*Ogletree, Deakins, Nash, Smoak and Stewart, P.C., by Guy F. Driver, Jr., and Robert A. Sar, for defendant-appellant Duke University.*

FRYE, Chief Justice.

The sole issue in this case is whether the Court of Appeals erred by concluding that the punitive damage liability of an employer under a theory of vicarious liability, such as ratification, can exceed the punitive damage liability of the employee. For the reasons stated

**WATSON v. DIXON**

[352 N.C. 343 (2000)]

herein, we conclude that the Court of Appeals did not err, and we affirm its decision.[1]

Since the issue in this case is not fact-laden and presents only a question of law, only a brief recitation of the facts is necessary. Sarah Watson (plaintiff) and defendant Bobby Dixon (Dixon) were employed by defendant Duke University (Duke). Plaintiff and Dixon were co-employees in the sterile processing department of the Duke University Medical Center. Shortly after plaintiff began working at Duke in July 1991, Dixon engaged in a seven- to eight-month campaign of intimidation and harassment against plaintiff. Stripped of the graphic details, Dixon's conduct consisted of extremely inappropriate comments to plaintiff and offensive touching of plaintiff in the workplace. On the several occasions when Dixon harassed or intimidated plaintiff, plaintiff reported Dixon's conduct to various Duke officials; however, Duke took no serious action until after March 1992, when management finally transferred plaintiff to another department. As a result of Dixon's conduct, plaintiff suffered a variety of ailments including crying spells, vomiting, headaches, nightmares, and insomnia. Plaintiff was also later diagnosed with depression and post-traumatic stress disorder.

On 22 October 1992, plaintiff initiated the underlying action against defendants. In her complaint, plaintiff asserted claims for intentional infliction of emotional distress; negligent infliction of emotional distress, including claims of Duke's negligent hiring and retention of Dixon; and assault. Defendants answered the complaint, denying all pertinent allegations and asserting various defenses. Defendants subsequently filed motions to dismiss and for summary judgment. On 18 July 1995, the trial court granted Duke's motions to dismiss on plaintiff's claims for assault and negligent hiring and dismissed the negligent infliction of emotional distress claims against both defendants.

The remaining claims of intentional infliction of emotional distress and negligent retention of employee against Duke and the remaining claims of assault and intentional infliction of emotional distress against Dixon were tried before a jury at the 23 September 1996 Civil Session of Superior Court. At the close of the presentation of evidence from both sides, the jury answered the issues submitted by the trial court as follows:

---

1. Since chapter 1D of the North Carolina General Statutes, pertaining to punitive damages, was enacted after the lawsuit in this case was initiated, it does not apply.

(1) Did the defendant, Bobby Dixon, assault the plaintiff, Sarah JoAn Watson?

Answer: no

(2) Did the defendant, Bobby Dixon, commit a battery upon the plaintiff, Sarah JoAn Watson?

Answer: yes

. . . .

(3) What amount is the plaintiff, Sarah JoAn Watson, entitled to recover for her personal injury as a result of the assault and/or battery committed by the defendant, Bobby Dixon?

Answer: $100

(4) Did the defendant, Bobby Dixon, intentionally cause severe emotional distress to the plaintiff?

Answer: yes

. . . .

(5) Did the defendant, Duke University, by its actions, ratify the actions of the defendant, Bobby Dixon, that you found intentionally caused severe emotional distress to the plaintiff, Sarah JoAn Watson?

Answer: yes

. . . .

(6) What amount is the plaintiff, Sarah JoAn Watson, entitled to recover for her personal injury as a result of the intentional infliction of emotional distress?

Answer: $100,000

. . . .

(7) What amount of punitive damages, if any, does the jury, in its discretion[,] award to the plaintiff as a result of the intentional infliction of emotional distress from the defendant, Bobby Dixon?

Answer: $5000

. . . .

(8)  What amount of punitive damages, if any, does the jury, in its discretion[,] award to the plaintiff as a result of the intentional infliction of emotional distress from the defendant, Duke University?

Answer: $500,000

. . . .

(9)  Was the plaintiff injured as a proximate result of the defendant Duke University's negligence in retaining the defendant Bobby Dixon as its employee?

Answer: no

On 21 October 1996, the trial court entered its judgment incorporating the jury's findings; adding interest; and taxing defendants for expert witness fees, deposition expenses, and court costs. On 28 October 1996, defendants filed a motion for judgment notwithstanding the verdict, a new trial, or a remittitur as to damages, which the trial court denied on 15 November 1996. Both defendants appealed the trial court's denial of this motion to the Court of Appeals.

On appeal, the Court of Appeals concluded that "the trial court properly entered judgment on plaintiff's claims against Dixon for intentional infliction of emotional distress and against Duke for ratification." *Watson v. Dixon*, 130 N.C. App. 47, 56, 502 S.E.2d 15, 22 (1998). However, the Court of Appeals reversed the judgment of the trial court as to the punitive damages award and remanded the case for a determination of the punitive damages to be awarded against both defendants. *See id.* All parties petitioned for a rehearing, which the Court of Appeals allowed without additional briefing or arguments.

Upon rehearing, a majority of the Court of Appeals panel affirmed the trial court's judgment awarding punitive damages and stated that it could not "say that as a matter of law the punitive damage awards against Dixon for $5,000 and Duke for $500,000 was [sic] an abuse of discretion." *Watson v. Dixon*, 132 N.C. App. 329, 334, 511 S.E.2d 37, 41 (1999). Judge McGee concurred in part and dissented in part, concluding that "the liability of the employer under a theory of vicarious liability, such as *respondeat superior* or ratification, cannot be in excess of that of the employee." *Id.* at 335, 511 S.E.2d at 41 (McGee, J., dissenting in part).

The propriety and sufficiency of the evidence to support punitive damages is not at issue in this case since all three judges on the Court of Appeals panel agreed that there was direct evidence to support punitive damages against both Dixon and Duke. *Id.* at 334, 511 S.E.2d at 41; *id.* at 335, 511 S.E.2d at 41 (McGee, J., concurring in part). Our review here is limited to the resolution of defendant Duke's contention, based on Judge McGee's dissenting opinion, that the punitive damage liability of an employer under a theory of vicarious liability, such as ratification, cannot exceed the punitive damage liability of the employee. For the reasons below, we disagree with defendant's contention.

This case appears to present an issue of first impression for this Court. In support of its position, defendant relies on *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E.2d 366 (1942), and its progeny. *See also MacFarlane v. N.C. Wildlife Resources Comm'n*, 244 N.C. 385, 93 S.E.2d 557 (1956), *overruled in part on other grounds by Barney v. N.C. State Highway Comm'n*, 282 N.C. 278, 192 S.E.2d 273 (1972). These cases addressed compensatory damages and not punitive damages. Compensatory damages serve a purpose different from that of punitive damages. The objective of compensatory damages is to restore the plaintiff to his original condition or to make the plaintiff whole. *See Bowen v. Fidelity Bank*, 209 N.C. 140, 144, 183 S.E. 266, 268 (1936) ("[C]ompensatory damages are allowed as indemnity to the person who suffers loss in satisfaction and recompense for the loss sustained. The purpose of the law is to place the party as near as may be in the condition which he would have occupied had he not suffered the injury complained of."). Thus, it is axiomatic that an employer's liability for compensatory damages based on ratification of the employee's tortious conduct may not exceed the employee's liability for that conduct. The plaintiff, who has been injured by the tortious conduct of the employee, is not entitled to additional compensation solely because of the ratification by the employer. Stated differently, the amount of damages required to restore the plaintiff to his original condition or to make the plaintiff whole is the same, notwithstanding ratification by the employer. *See Pinnix*, 221 N.C. at 351, 20 S.E.2d at 369 ("The plaintiff can have but one satisfaction—payment of the damages caused by the wrongful act of [the employee].").

Punitive damages, on the other hand, are not necessarily intended to restore the plaintiff to his original condition or to make the plaintiff whole. In *Oestreicher v. American Nat'l Stores,*

WATSON v. DIXON

[352 N.C. 343 (2000)]

*Inc.*, this Court noted the standard applied to the imposition of punitive damages:

> It is generally held that punitive damages are those damages which are given in addition to compensatory damages because of the "wanton, reckless, malicious, or oppressive character of the acts complained of." 22 Am. Jur. 2d, Damages § 236 (1965). Such damages generally go beyond compensatory damages, and they are usually allowed to punish defendant and deter others. It is generally held that punitive damages are recovered not as a matter of right, but only in the discretion of the jury. As a rule you cannot have a cause of action for punitive damages by itself. If the complainant fails to plead or prove his cause of action, then he is not allowed an award of punitive damages because he must establish his cause of action as a prerequisite for a punitive damage award.

*Oestreicher*, 290 N.C. 118, 134, 225 S.E.2d 797, 807-08 (1976) (citations omitted); *see also Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976) (explaining punitive damages); *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 452 S.E.2d 233 (1994) (explaining punitive damages). Since punitive damages and compensatory damages serve different purposes, defendant's reliance on cases dealing with compensatory damages is misplaced.

This Court has also stated that "it is well established that evidence as to the financial worth of a defendant is competent for consideration by the jury when an issue as to punitive damages is warranted and submitted." *Hinson v. Dawson*, 244 N.C. 23, 29, 92 S.E.2d 393, 397 (1956); *see also Harvel's, Inc. v. Eggleston*, 268 N.C. 388, 392, 150 S.E.2d 786, 790 (1966) ("[T]he admission of evidence tending to establish [financial] ability is held to be prejudicial, except in cases warranting an award of punitive damages.").

Limiting an employer's punitive damages to the amount assessed against the employee whose tortious conduct the employer ratified would chill the deterrent and penal effects of punitive damages on the employer. It may take a different amount of money to deter or punish an employer-defendant like Duke than it would to deter or punish an employee-defendant like Dixon. An employer who has ratified an employee's tortious conduct should not be allowed to use its employee's limited financial resources as a shield against additional punitive damages.

We reach our decision here by harmonizing our case law with the policies underlying punitive damages. Further, we note that other courts have reached similar results. *See, e.g., Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1154-55, 74 Cal. Rptr. 2d 510, 526-27 (1998) (" '[O]bviously, the function of deterrence . . . will not be served if the wealth of the defendant allows him to absorb the award with little or no discomfort . . . .' "); *O'Donnell v. K-Mart Corp.*, 100 A.D.2d 488, 490, 474 N.Y.S.2d 344, 346-47 (1984) (allowing an award of punitive damages against a corporate employer to stand in the absence of an award of punitive damages against the employee where the corporate employer ratified the employee's malicious acts and where the court's charge permitted such an award).

We conclude that the liability of an employer for punitive damages based on ratification is not limited to the punitive damage liability of the employee whose conduct the employer ratified. Thus, we affirm the decision of the Court of Appeals.

AFFIRMED.